EZIO GIANNOTTI *vs.* GIUSTI BROTHERS.

FEBRUARY 20, 1918.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Workmen's Compensation Act.   Agreements.   Limitation of Action. Amendment.   Adding New Parties.   Petitions.*

After death of employee, an agreement in writing for compensation under the Workmen's Compensation Act was made between employer and a sister of employee which was filed in court and approved by a justice, by the terms of which it was agreed that deceased left no one wholly dependent upon his earnings and that the sister was partly dependent thereon; the amount of the annual earnings was set out and the amount contributed by deceased to those partially dependent was stipulated, and the amount to be paid to the sister as partial dependent was provided.   By the agreement the dependency, if any, of the father of deceased was to "be ascertained and agreed upon or fixed by the court upon petition," and it was further agreed that the agreement should not in any way prejudice the individual rights of the father.

More than two years after the death of the employee, the father filed a petition for compensation.

*Held,* that the agreement was the individual agreement of the parties thereto and there was nothing to show an intention to make any other person a party thereto, and the question of the dependency of the father was to be determined either by another agreement or by the court in proceedings by petition under Article III, Sections 1 and 2 of the act.

*Held,* further, that the petition of the father was an independent proceeding and as such was barred by the provisions of Article III, Section 18

of the act as it was not filed within two years of the death of the employee.

*Held,* further, that the petition could not be treated as an amendment of the written agreement as the result would be to substitute a new agreement not made by the parties but by the court and the statute authorized no such procedure.

*Held,* further, that while the act permitted amendments to be made to petitions, thus perhaps permitting the addition of a new beneficiary, where the period of limitation had not expired, no such power was given in regard to agreements.

PETITION under Workmen's Compensation Act. Heard on appeal from decree of Superior Court. Appeal sustained and decree reversed.

STEARNS, J.   This is an appeal by the respondents from a final decree of the Superior Court granting the petition for compensation of Santi Giannotti the father of Ezio Giannotti, deceased.

On July 16, 1914, Ezio Giannotti an employee of the respondents was injured in the course of his employment and as a result of such injury died July 24, 1914.   An agreement in writing for compensation under the Workmen's Compensation Act was made between Francesca Giannotti, a sister of the said Ezio, and the respondents on the 21st day of November, 1914, which was filed in court and approved by a justice of the Superior Court on December 11, 1914.

By the terms of this agreement it was mutually agreed that the said Ezio left no one wholly dependent upon his earnings and that Francesca Giannotti was partly dependent thereon;  that the amount of the annual earnings of the deceased employee was $780, and the amount contributed by the deceased to those partially dependent upon his earnings was $234;  it was also agreed that the respondents should pay Francesca Giannotti as partial dependent $2.75 a week for a period of three hundred weeks.

On the 13th of October, 1916, Santi Giannotti filed in the Superior Court a petition for compensation which he entitled a "Supplementary Petition," in which he alleged the facts

on which he based his claim for compensation and that he was partially dependent for support upon the earnings of the deceased; that the agreement above mentioned was an agreement between respondents and the said dependents Francesca Giannotti and Santi Giannotti; and that the respondents have complied with the terms of the agreement in regard to payments of compensation to Francesca; but that they now refuse to make any agreement in writing or to pay any weekly compensation for his benefit on the ground that no petition or agreement has been filed in court within two years after the death of the said employee by Santi Giannotti or by any person in his behalf.

The Superior Court held that the claim of the petitioner was not barred by the statute of limitations and that petitioner was entitled to compensation as prayed for.

The respondents by their appeal raise the following question, viz.: Is the claim of the petitioner barred by the provisions of the compensation act in regard to the limitation of actions?

In Sec. 18, Art. III, Chap. 831, Public Laws of R. I., 1911-1912, it is provided that the claim of any dependent for compensation under the act shall be barred unless an agreement or petition shall be filed within two years after the death of the employee. By Article III, Sections 1 and 2 of the act, two methods of procedure are provided for the recovery of compensation, namely, by agreement or by adversary proceedings by petition in the nature of a petition in equity.

By Section 1 it is provided that if the employer and employee, or his dependents when death has resulted from the injury (see Art. V, Sec. 1, b, as amended by Chap. 1268, Public Laws, 1915-1916) reach an agreement in regard to compensation, a memorandum of such agreement signed by the parties shall be filed in the office of the clerk of the Superior Court and shall be approved by a justice of said court if the terms of the agreement conform to the provisions of the act. It is further provided that when death

has resulted from the injury and the dependents of the deceased employee entitled to compensation are, or the apportionment thereof between them is, in dispute, such agreement may relate only to the amount of compensation, and if the parties fail to reach an agreement, by Section 2 it is provided that any person in interest may file a petition setting forth the names and residences of the parties, the amount of earnings received by the employee, etc., the matter in dispute and the claims of the petitioner thereto. The respondent must file an answer within ten days and the court is then directed to hear the matter on its merits and decide the controversy.

It thus appears that when the agreement above mentioned was made, either of the dependents had the right to settle his or her individual claim by a separate agreement with the respondents. If the question either of what dependents, if any, were entitled to compensation or of the apportionment of compensation was in issue two methods of procedure were provided. An agreement might be made between the respondents and one or all of the dependents only as to the amount of compensation to be paid, or if the parties failed to reach an agreement then any one of the dependents or the respondents was empowered to secure a decision on all the controverted facts by petition.

The agreement in this case was made and executed by the Giusti Brothers as employers and Francesca Giannotti as a partial dependent. It is the individual and personal agreement of the parties thereto and there is nothing therein which shows an intention to make any other person a party to the agreement. Francesca Giannotti did not act as the agent for her father and there is in the agreement no claim or recognition of any right in Santi Giannotti at all. This is evidenced by the following clauses which were inserted in the agreement. "The dependency, if any, of the deceased's father is to be ascertained and agreed upon or fixed by the court upon petition" and "it is further agreed and understood that this agreement shall not in any way preju-

dice or interfere with the individual rights of the deceased's father as shown by Sec. 2 of part 'A' of this agreement." The question of the dependency of the father of the deceased was to be determined not by this agreement but by some other agreement to be made in the future by the petitioner and the respondents, or by the decision of the court in proceedings by petition.

The petition in this case must be regarded either as an independent proceeding or as an amendment to the written agreement above mentioned. We think that it is an independent proceeding and as such it is clearly barred by the provisions of Article III, Section 18, *supra*, as the petition was not filed until two years and three months after the death of the employee. It cannot be treated as an amendment to the written agreement as the result, if this was allowed, would be to substitute a new agreement, made not by the parties thereto but by the court, and the statute authorizes no such procedure.

It is argued that the entire proceedings constitute but one action and by analogy to the case of actions for death by wrongful act that a new beneficiary may be added by amendment to the original proceedings. We do not agree with this contention. Such an amendment might doubtless be made to a petition, as by the compensation act express authority to permit amendments is given to the court where the proceedings are by petition, but no such power is given in regard to agreements. In the case of an authorized agreement, when the employee is dead, the power of the court to change the agreement is restricted to an appeal based upon proof that the agreement was procured by fraud or coercion. Even if the construction of the act as urged by the petitioner was correct, the claim of the petitioner would be barred in this particular case as it is held in cases of death by wrongful act that a new party cannot be added by amendment after the expiration of the period of limitation. *Railroad Co.* v. *Culberson,* 72 Texas 375; *Foster* v. *St. Luke's Hospital,* 191 Ill. 94; *Fitzhenry* v. *Traction Co.,* 63 N. J. L. 142.

For the reasons stated we are of the opinion that the claim of the petitioner was barred by the lapse of time.

The decree of the Superior Court is reversed and the cause is remanded to the Superior Court with direction to enter its decree dismissing the petition.

*Sullivan & Sullivan, John J. Sullivan,* for petitioner.

*Albert B. West,* for respondents.