Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARTHA O'ESAU, Respondent, for Compensation to Herself and Child under the Workmen's Compensation Law for the Death of Her Husband, JOHN M. O'ESAU, v. E. W. BLISS COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 5, 1919.

**Workmen's Compensation Law — failure of employee to file claim does not bar widow's right to death benefits.**

The failure of an employee to file a claim as required by section 28 of the Workmen's Compensation Law does not bar his widow's right to death benefits, where she filed a claim therefor the day after his death.

APPEAL by the defendants, E. W. Bliss Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 20th day of May, 1918.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel for the State Industrial Commission, for the respondents.

JOHN M. KELLOGG, P. J.:

The employee was injured on the 28th day of March, 1916, and died on account of such injuries March 21, 1918. The employee failed to file a notice of injury, as required by section 18, but the claim was filed as required by section 28 of the Workmen's Compensation Law.* His widow, however, filed a claim for death benefits the day after his death. The fact that he had failed to give notice in a manner which entitled him to compensation does not bar her right to death benefits. By section 28 the right to compensation " shall be forever barred unless within one year after the injury, or if death result

* See Consol. Laws, chap. 67 (Laws of 1914, chap. 41), §§ 18, 28. Since amd. by Laws of 1918, chap. 634.— [REP.

therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Commission." This section makes it clear that she is not prejudiced by the fact that he lost his right to compensation by failure to file a claim.

*Kelliher* v. *N. Y. C. & H. R. R. R. Co.* (212 N. Y. 207), relied upon by the appellants, does not sustain their contention. There it was held that the action was a purely statutory one, and that, by the terms of the statute, the right to recover against a person for wrongfully or negligently causing a death did not survive after the injured person had permitted the limitation imposed by the statute to expire. The statute we are construing has no such provision, but upon the contrary carries a different intent. The award should be affirmed.

Award unanimously affirmed.