ROBERTSON, Justice:
The widow, Mrs. Lona Boone Harris, and minor son, Audley Bedford Harris, Jr., of decedent, Audley Bedford Harris, filed a claim on August 29, 1964, against Ingalls Shipbuilding Corporation and American Mutual Liability Insurance Company seeking compensation for death benefits under the Mississippi Workmen’s Compensation Act.
The decedent died on March 23, 1963, of an “acute myocardial infarct,” according to the certificate of death. The claim was predicated on alleged heart attacks suffered in 1958 and in 1960 by the decedent while he was in the employ of Ingalls Shipbuilding Corporation. The decedent left the employment of Ingalls on December 8, 1960, and from that time up until the date of his death worked in his own pest control business. He filed no notice of injury and made no claim for compensation against his employer.
The Attorney-Referee sustained a plea of the two year statute of limitations holding that inasmuch as no notice was given and no claim filed by the decedent himself within two years from December 8, 1960, that the claim of the dependents of the deceased was also barred. The full Commission reversed the order of the Attorney-Referee holding that the statute of limitations did not begin to run against the dependents until the death of the husband and father, and inasmuch as their claim was filed within two years of the date of his death, it was not barred. The Circuit Court of Jackson County affirmed the order of the full Commission, and the appellants perfected an appeal to this Court.
Mississippi Code of 1942 Recompiled (1952), Section 6998-18 provides in part as follows:
“Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred(Emphasis added.)
Whether the two year statute of limitations begins to run from the date of the injury or from the date of death as to the claim of the dependents is the sole question involved in this case.
It is a matter of first impression in Mississippi. The authorities from other jurisdictions are in sharp conflict on this question.

j

The appellants argue that this is unquestionably a derivative cause of action because the widow and minor son had no dealings with Ingalls, and their claim, if any, arose only by virtue of the fact that their husband and father respectively worked for Ingalls and was allegedly injured during the course of his employment. The appellants contend that inasmuch as the statute of limitations had run against the employee himself and no claim could be filed by him, then undoubtedly, no claim could be filed by his dependents who derived their rights from and through him.
The problem was pointed up in 2 Larson, Workmen’s Compensation Law Section 78.-62 (1952) in these words:
“Death claims present one special .question, however, which is the problem of the extent to which death claims should be barred by omission of the original notice of injury or by failure of the employee himself to make a claim within the original claims period.
“Although the question has had comparatively little attention, the employee’s failure to make claim has usually been held immaterial, but failure to file the *888 original notice of injury has evoked a difference of opinion.”
In 2 Larson, Workmen's Compensation Law Section 78.63 (1952), Larson again pinpoints the precise question in these words:
“As to notice of injury, the controversy is a closer one. Here much may depend on the precise wording of the statute.”
Dunn in his Mississippi Workmen’s Compensation, Section 156 (1957), has this to say on this subject:
“In case of death claims, the statute begins to run from the date of death. Since death claims are considered upon a separate basis, the fact that a prior disability claim by the employee may have become barred will not defeat the claim of death beneficiaries, provided the claim is filed within two years from the date of death.” (Emphasis added.)
To the same effect is 100 C.J.S. Workmen's Compensation § 464 at 359 (1958), and 58 Am.Jur. Workmen’s Compensation Section 410 (1948).
Inasmuch as death claims are generally considered on a separate basis, and Mississippi, unlike some of the other states, has only one statute of limitations, Section 6998-18, supra, for both employee claimants and their dependents, we feel that the more equitable and just construction of this statute is that the two year statute of limitations begins to run from the date of death as to the claim of the dependents.
We do not think that this construction of the statute is in conflict with our holding in the case of Proctor v. Ingalls Shipbuilding Corporation, 183 So.2d 483 (Miss.1966). In the case at bar there has been no hearing on the merits and, therefore, there is no order either granting or denying compensation. In the Proctor case, there had been a full hearing on the merits and the Workmen’s Compensation Commission had denied compensation and dismissed the claim. The order of the Commission had been affirmed by the Circuit Court of Jackson County. After the death of Proctor, his heirs filed a new claim and the defendant filed a plea of res adjudicata. The Attorney-Referee, the full Commission and the Circuit Court sustained the plea of res adjudicata, and this Court affirmed the judgment of the lower court holding that the matter had been fully litigated and decided on its merits during the life of Proctor, and that it could not be relitigated on a claim by the dependents of Proctor.
We are not confronted with this situation in the case at bar. This matter has never been heard on its merits, and the dependents of Harris have not had their day in court. Inasmuch as their claim was filed within two years of the date of death and the statute of limitations has not run against them, they are entitled to a hearing on the merits.
We, therefore, affirm the judgment of the lower court.
Affirmed and remanded to the Commission.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ. concur.