In the Matter of the Compensation of
James E. Fossum, Deceased.
FOSSUM,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE
FUND, et al,
Respondents.

(Nos. 77-3475, 77-6112,
78-958, 78-959 and 78-957,
CA 14961)

607 P2d 773

Allen T. Murphy, Jr., Portland, argued the cause for petitioner. With him on the brief was Richardson, Murphy & Nelson, Portland.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent Argonaut Insurance Company. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Jerard S. Weigler, Portland, argued the cause for respondent Underwriters Adjusting Co. With him on the brief was Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Before Schwab, Chief Judge, and Richardson and Joseph,* Judges.

SCHWAB, C. J.

---

*Joseph, J., *vice* Lee, J., deceased.

**SCHWAB, C. J.**

In early 1977 James Fossum learned he had mesothelioma, a form of lung cancer caused by asbestos. He filed occupational disease claims with several prior employers for whom he had worked in positions that involved possible exposure to asbestos. Fossum died from the lung cancer in August, 1977. His widow promptly filed death benefit claims with her husband's prior employers. We hold that all claims made by Fossum and his widow are barred by the applicable statute of limitations.

The referee concluded:

"(1) that the employer responsible for Fossum's condition is the last employer where there was some exposure of a kind contributing to his condition; * * * (3) that Fossum's death from mesothelioma was caused by his employment in the shipyards in the 1940's; (4) that Kaiser Company, as Fossum's last employer in the shipyards, is the responsible employer * * *."

ORS 656.807(1) provides:

"Except as otherwise limited for silicosis, all occupational disease claims shall be void unless a claim is filed with the State Accident Insurance Fund or direct responsibility employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later."

Since Fossum's last significant exposure to asbestos on the job was when he worked in the shipyards in the 1940s, 30 or more years before he filed his occupational disease claims, those claims were not made "within five years after the last exposure in employment" within the meaning of ORS 656.807(1). We are not at liberty to vary the express terms of this statute because of the unique circumstances of this case. All of the medical evidence in this case establishes that mesothelioma does not develop until 20 to 40 years

after exposure to asbestos; indeed, the Chief of the Division of Chest Diseases at the University of Oregon Health Sciences Center testified that there is no known case of the disease developing in less than 15 years after exposure to asbestos. This evidence, combined with the five-year limitation period of ORS 656.807(1), may make it impossible for there to ever be a successful occupational disease claim for lung cancer caused by on-the-job exposure to asbestos. In any event, any argument for change will have to be addressed to the legislature.

Turning to the widow's claim for death benefits, the relevant statute of limitations is ORS 656.807(2), which provides:

> "If the occupational disease results in death, a claim may be filed within 180 days after the date of the death; and the provisions of subsection (1) of this section do not limit the filing of a claim in fatal cases to less than 180 days from the date of death."

The widow contends this statute permits a deceased employe's dependents to file within 180 days of death even though the employe's "last exposure in employment" was 30, 40 or even 50 years earlier. This suggested construction would produce an anomolous situation illustrated by this case—the deceased worker's own claim is barred by the statute of limitations, but his widow's claim, based on *exactly the same underlying facts,* is timely if filed within 180 days of death. We cannot believe the legislature intended such a result. Given that the legislature has set an ultimate limit of five years on a claim made by an employe, ORS 656.807(1), we cannot believe that the legislature intended that no comparable limitation apply to a claim based on the same facts just because it is made by a widow.

We interpret ORS 656.807(2) as extending for 180 days from the date of death—the limitation period stated in ORS 656.807(1). To illustrate, if an employe died four years and 364 days after his "last exposure in employment," his dependents would have an addi-

tional 180 days after the employe's death in which to file a claim for compensation notwithstanding the five-year rule stated in ORS 656.807(1). But if the employe's own possible claim were barred by the five-year rule of ORS 656.807(1), then there would be nothing to *extend* under ORS 656.807(2) and the claim of the defendants would likewise be barred. Thus, the ultimate limitation period for a death benefit claim arising out of an occupational disease is five years plus 180 days after the employe's "last exposure in employment."

The Workers' Compensation Board denied all claims in this case. It denied Fossum's claims on the ground that they were not timely. We agree. It denied his widow's claims on the ground that she failed to prove legal and medical causation. We also agree with the Board's denial of those claims, although for a different reason, namely, that they were not timely filed.

Affirmed.