619 P.2d 233 (1980)
289 Or. 777
In the Matter of the Compensation of James E. FOSSUM, Deceased.
Helen FOSSUM, Petitioner,
v.
STATE ACCIDENT INSURANCE FUND, Argonaut Insurance Company and Underwriters Adjusting Co., Respondents.
CA 14961; SC 26965.
Supreme Court of Oregon, In Banc.
Argued and Submitted June 25, 1980.
Decided October 21, 1980.
Opinion on Denial of Rehearing December 23, 1980.
*234 Allen T. Murphy, Jr., Portland, argued the cause for petitioner. With him on the brief was Richardson, Murphy, Nelson & Lawrence, Portland.
Darrell E. Bewley, Associate Counsel, State Acc. Ins. Fund, Salem, argued the cause for respondent State Acc. Ins. Fund. With him on the brief were K.R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Acc. Ins. Fund, Salem.
Margaret H. Leek Leiberan, Portland, argued the cause for respondent Argonaut Ins. Co. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.
Jerard S. Weigler, Portland, argued the cause for respondent Underwriters Adjusting Co. With him on the brief was Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.
TONGUE, Justice.
This is a workers' compensation proceeding brought by the widow of a worker who died from asbestos-caused cancer. The issue to be decided is whether, by reason of the provisions of ORS 656.807, the claim of the widow for widow's benefits is barred by passage of five years after his last exposure in employment to asbestos.[1]
*235 In early 1977 Mr. Fossum learned that he had mesothelioma, a form of lung cancer caused by asbestos. He filed occupational disease claims with several prior employers for whom he had worked in positions that involved possible exposure to asbestos. He died in August 1977. His widow then promptly filed death benefit claims with her husband's prior employers. Evidence offered at the hearing before the referee included medical testimony that mesothelioma does not develop generally until 25 to 40 years after exposure to asbestos.
The referee found that Mr. Fossum's death was caused by his employment in the shipyards in the early 1940's and that Kaiser Company, as his last employer in the shipyards, is the employer responsible for his condition. The referee also held that the failure of Mr. Fossum to file a claim for compensation within five years after last exposure, as required by ORS 656.807(1), did not bar a claim by his widow for widow's benefits filed within 180 days after the date of his death.
The Workers' Compensation Board, on de novo review, found that claimant's widow had failed to establish either legal or medical causation and therefore is not entitled to a claim for widow's benefits.
On appeal by claimant's widow to the Court of Appeals, that court did not decide whether or not the Board was correct in rejecting the claim of the widow for lack of evidence of causation, but held that the claim was properly denied for the reason that it was not timely filed and was barred as a matter of law because it was not filed within five years after the last exposure in employment to asbestos, as provided by ORS 656.807(1). 45 Or. App. 77, 607 P.2d 773 (1980). We allowed appellant's petition for review because of the importance of this question to dependents of workers who die from occupational diseases.
In support of the opinion by the Court of Appeals and in opposition to the claim of Mr. Fossum's widow for widow's benefits, it is contended, as stated by the dissenting opinion in this case, that:
(1) The five-year limitation provided by ORS 656.807(1) commences to run upon the occurrence of "the last exposure in employment." The statute makes an express allowance for delayed discovery in the clause regarding filing within 180 days of disablement or discovery. It makes no such provision for delayed discovery in the five-year ultimate limitation clause. Therefore, the worker's claim, had he survived, would have been barred under subsection (1) by the passage of five years between last exposure and filing even though he discovered the illness thereafter. Neither he nor his family would have had the benefits of compensation had the worker been disabled but lived.
(2) The provisions of ORS 656.807(2) do not "eliminate" the five-year bar in cases of claims for widow's benefits because:
(a) In 1959 the legislature amended ORS 656.807 to extend the limitations to their present duration and to add what now appears as subsections (2) and (3). Oregon Laws 1959, ch. 351, § 2. There is no recorded legislative history which reflects the purpose of subsection (2). In the absence of some legislative evidence to the contrary, it must be assumed that the legislature intended that the statute in its amended form continue to accomplish the objective of statutes of limitation, finality and repose.
(b) Claimant's contention that a literal reading of subsection (2) would allow a beneficiary 180 days from death in which to file a claim for widow's benefits, regardless of how many years have passed since the last exposure to the injurious condition, would obviate the finality function performed by the five-year ultimate limitation.

*236 (c) The more reasonable reading of subsection (2) is that the legislature intended to liberalize the time after death in which a widow could file such a claim, rather than to revive past liability. Under subsection (1) the worker may, within five years of his last employment exposure, file a claim within 180 days of disablement or discovery. Before the 1959 amendment, in case of death, a beneficiary was subject to the same time constraints to which the worker would have been subject had he not died. The effect of the 1959 amendment was to alleviate the harshness of that restriction by extending a grace period of 180 days to the beneficiary which would not be foreshortened by the expiration of the time "provisions" of subsection (1), (i.e., either the five-year or the worker's 180-day period) during the 180 days after death.
We may agree that such reading of ORS 656.807 is not an unreasonable interpretation of that statute. We feel constrained, however, to reject such an interpretation for the following reasons:
(1) ORS 656.807(2), by clear and unambiguous words, provides that the claim of a widow for widow's benefits may be filed within 180 days after the date of the death.
(2) If ORS 656.807(2) is not considered to be clear and unambiguous to that effect, then at the least it is ambiguous and subject to the rule that any such ambiguity must be resolved in favor of compensation.
(3) The effect of the interpretation of ORS 656.807 by the Court of Appeals is to make claims by widows for widow's benefits dependent upon and derivative from claims by deceased workers for compensation, contrary to the rule previously recognized by this court that claims by widows for widow's benefits are independent claims.
(4) Such an interpretation of ORS 656.807 would also require a result contrary to the overwhelming majority of decisions by courts of other states.

(1) ORS 656.807(2) is clear and unambiguous.

ORS 656.807(2) provides:
"If the occupational disease results in death, a claim may be filed within 180 days after the date of the death; and the provisions of subsection (1) of this section do not limit the filing of a claim in fatal cases to less than 180 days from the date of death."
Despite those clear and unambiguous words and despite the fact that the "occupational disease result[ed] in [the] death" of James Fossum, the dissent would hold that a claim may not be filed "within 180 days after the date of death" because, according to it, the provisions of subsection (1) "limit the filing of a claim in fatal cases."[2] The effect of such a holding would be to make claims filed after death not only limited by the five-year provision of subsection (1), but also restricted by that subsection's 180 day limitation.
The widow of Mr. Fossum had no claim to assert for widow's benefits until such time as her spouse died. Her claim arose upon his death. Her claim does not derive from any claim of the deceased worker, but is an independent claim granted by the legislature to her. ORS 656.807(2), in defining her right to a claim under the Occupational Disease Law, provides in clear and unambiguous terms that she may file that claim within 180 days of the death of her spouse. She did so.

(2) If ORS 656.807(2) is not clear and unambiguous, any ambiguity must be resolved in favor of compensation.

It may be that subsection (1) of ORS 656.807, when read together with subsection (2) results in some ambiguity. In our opinion, however, any such ambiguity must be construed in favor of compensation, just as ambiguous provisions of insurance policies are construed in favor of the beneficiaries, particularly in view of the long-established *237 rule in Oregon that the Workers' Compensation Law must be liberally construed in favor of the worker and compensation. See, e.g., Burkholder v. SIAC, 242 Or. 276, 282-83, 409 P.2d 342 (1965); Newell v. Taylor, 212 Or. 522, 527-28, 321 P.2d 294 (1958).

(3) The interpretation of ORS 656.807 by the Court of Appeals is contrary to the rule that claims by widows are independent claims.

Of equal importance is the fact that the clear effect of the decision by the Court of Appeals in its holding that the failure of Mr. Fossum during his lifetime to make a claim for compensation within five years of last exposure in employment, as required by subsection (1), bars his widow from filing a claim for widow's benefits within 180 days of his death, as apparently permitted by subsection (2), is to hold that the claim of a widow to benefits under the Workers' Compensation Act is a claim that is derivative from and dependent upon the claim of a deceased husband for compensation during his lifetime. Again, this is contrary to the established rule in Oregon.
The leading Oregon case on the subject of the independent status claims filed after death is Mikolich v. State Industrial Accident Commission, 212 Or. 36, 316 P.2d 812, 318 P.2d 274 (1957), in which this court reviewed the decisions on the question whether claims for widow's benefits are independent claims or are derivative claims and noted that the majority of the cases supported the conclusion that widows' claims are independent, not derivative claims. In that case this court held as follows (at 57, 316 P.2d 812):
"We have noticed that in the majority of jurisdictions an adverse decision on the merits of a claim, presented by the employee while he was alive, did not bar a dependency claim under the doctrine of res adjudicate, since the parties and rights involved are different and the dependent is not in privity with the injured employee as to the rights assured him."
Because the claim of a widow is an independent claim, if a worker died at the end of two years without filing a claim for compensation, his widow would not have three more years in which to file a claim for widow's benefits within the five-year period specified in subsection (1). Instead, because a claim for widow's benefits is an independent claim, she would be required to file her claim within 180 days of his death, as required by subsection (2). For the same reasons, because the claim of the widow of a deceased worker is an independent, rather than a derivative claim, the failure of the deceased husband to file a claim for compensation within five years, in accordance with subsection (1), does not bar his widow from filing a claim for widow's benefits within 180 days of his death, as expressly permitted by subsection (2).
The dissent argues that this court's pronouncement in Mikolich that the claims of a widow are independent of the claims of her deceased husband is irrelevant in the present case, since "all claims" are subject to the restrictions in subsection (1), whether "independent" or "derivative." In our view, such a contention is inherently contradictory. By subjecting claims filed after death to the restrictions found in subsection (1) as held by the Court of Appeals, they would lose any semblance of being independent claims.
It is important to recognize that under the decision by the Court of Appeals, the claims by widows and their dependents can be cut off not only by the worker's failure to file within five years after exposure, but also by the worker's failure to file within 180 days after disability. The claims of widows and other dependents would thus become completely derivative from and dependent upon the claims of workers, because a worker's failure to comply with either provision of subsection (1) would extinguish not only his own claim, but those of his dependents as well.
It may be that the rule stated by this court in Mikolich is not necessarily controlling in this case. We believe, however, that the rule as stated in that case is at least relevant to a proper decision in this case because the clear effect of the decision by *238 the Court of Appeals is that all claims filed after death are derivative from and dependent upon the worker's claim, a result inconsistent with the holding by this court in Mikolich.[3]

(4) The decision by the Court of Appeals would require a result contrary to decisions by courts of other states.

Although decisions by other courts under other statutes may not be controlling upon this court in such a case, it is nevertheless significant, in our opinion, to note that the independent and nonderivative status of claims by widows for widow's benefits filed after death is also supported by numerous other cases and authorities. In 2 Larson, Workmen's Compensation Law, § 64.10 (1980), Independent Status of Death Benefit Claim beginning at page 11-119 and ending at page 11-123, the author states:
"The most striking consequence of the independent status of dependency rights is the rule, accepted by the majority of jurisdictions, that an adverse decision on the merits of a claim by the employee while he was alive does not bar a dependency claim under the Doctrine of Res Adjudicata, since the parties and rights involved are different, and since the dependent is not in privity with the injured employee as to the rights asserted by him.
"* * *
"A fortiori, the defeat of the employee's claim on procedural grounds such as failure to file a timely claim, or his complete failure ever to make claim during his lifetime, is not a bar to the rights of his dependents. His unexcused failure to give a required notice of injury has, however, elicited a difference of opinion among the courts, on the theory that the employer is prejudiced as to all possible claims growing out of the injury if he is not given timely notice of it."
To the same effect, 3 Larson's Workmen's Compensation Law, § 78.62, pp. 15-192 to 15-195 (1980), states as follows:
"Death claims present one special question, however, which is the problem of the extent to which death claims should be barred by omission of the original notice of injury or by failure of the employee himself to make a claim within the original claims period. Although the question has had comparatively little attention, the employee's failure to make claim has usually been held immaterial."
"There are several routes by which to approach the question of failure to file the injury claim in time. The usual argument is that the injury claim and the death claim are entirely independent of each other, and that the dependent's rights cannot be affected by the employee's omission to claim, because the dependent is claiming in his own right. This view is consistent with the general principle, often found expressed in connection with employees' waivers, releases or compromise settlements, that the employee by his own acts during his lifetime extinguish or restrict the rights of his dependents. It is also consistent with the social purpose of the act, which includes the protection of dependents as well as of injured employees."
*239 One of the leading cases on this subject is a decision by the Washington Supreme Court in Beels v. The Department of Labor & Industries, 178 Wash. 301, 34 P.2d 917 (1934). A deputy sheriff had been injured on December 31, 1931. He died January 14, 1933, without filing any claim. The time for filing such claims in Washington was one year.[4] The insurance carrier denied the claim on the basis of the statutes. The court held 34 P.2d at page 919:
"[1] Under sections 7679 and 7686, Rem.Rev.Stat., by authority of which respondent's claim, as deceased's widow, for compensation was made, the widow could not be deemed, during her husband's life, a party in interest to any proceeding by him for enforcement of any claim for compensation. Her rights accrued the instant her husband died. Her application for compensation was filed within one year after the day upon which her rights accrued, hence the claim was timely filed. Her husband's failure to make application for compensation within one year after the day upon which the injury occurred did not beneficially or detrimentally affect her claim, which was based on a new, original right arising from his death. Curtis v. Slater Construction Co., 202 Mich. 673, 168 N.W. 958."
To the same effect, see Pardeick v. Iron City Engineering Co., 220 Mich. 653, 190 N.W. 719 (1922), in which an injured workman had made no claim for compensation although he lived for nearly 14 months after the accident.[5] The court held 190 N.W. at page 720:
"* * * It is insisted that [the injured worker's] failure to claim compensation within the time required by the statute bars plaintiff from recovery in this proceeding. We cannot follow this contention. * * *
"* * * From this it would seem to follow, in harmony with the previous ruling of the board above referred to, that, not being a party in interest to the proceeding by her husband during his lifetime, plaintiff's subsequent claim or `new cause of action' arising from his death was not beneficially or detrimentally affected through anything done by him in his proceeding, except a possible reduction of her claim by reason of payments actually made to him.
"The claim of plaintiff as dependent was made April 25, 1921, about a month after her son's death. It was made within the time required by the express terms of the statute. The action or nonaction of the employe in no way aided or detracted from her right."
The New York court in the case of O'Esau v. E.W. Bliss Co., 186 A.D. 556, 174 N.Y.S. 739 (1919), is also to the same effect. The employee was injured on March 28, 1916, and died on account of such injuries on March 21, 1918. He had failed to file a notice of injury as required.[6] The widow filed a claim for death benefits the day after his death. The court held:
"* * * By section 28 the right to compensation `shall be forever barred unless within one year after the accident, or if death results therefrom, within one year after such death, a claim for compensation *240 thereunder shall be filed with the commission.' This section makes it clear that she is not prejudiced by the fact that he lost his right to compensation by failure to file a claim."
In Wray v. Carolina Cotton & Woolen Mills Co., 205 N.C. 782, 172 S.E. 487 (1934), an employee was injured on November 28, 1930. His claim was filed April 12, 1932, and was dismissed because it had not been filed within one year after the accident.[7] The claimant died on August 24, 1932, and on September 8, 1932, his mother filed her claim. The Supreme Court of North Carolina held 172 S.E. at page 488:
"With respect to the claim of the employee, it may be granted that as to him the order denying relief was conclusive; but during his lifetime his dependents were not parties in interest to the proceeding he brought for the enforcement of his claim. Their right to compensation did not arise until his death, and their cause of action was not affected by anything he did, not even to the extent of a reduction of their compensation by payments sought by him, because no such payments were made. The basis of their claim was an original right which was enforceable only after his death. Curtis v. Slater Const. Co., 202 Mich. 673, 168 N.W. 958; Geannotti v. Giusti Bros., 41 R.I. 122, 102 A. 887."
In Holahan v. Bergen Coal Co., 164 Pa. Super. 177, 63 A.2d 504 (1949), the Pennsylvania court found that the deceased's last employment was January 22, 1941. The widow filed her claim on December 1, 1941.[8] The court held at page 183, 63 A.2d 504:
"[8] While any claim by the employe would be barred the question is what effect the failure to give notice has on the rights of the widow. Under the Workmen's Compensation Act that right was held to be independent and not derivative. Rossi v. Hillman Coal & Coke Co., 145 Pa.Super. 108, 20 A.2d 879; Polk v. Western Bedding Company, 145 Pa.Super. 142, 20 A.2d 845; Lambing v. Consolidated Coal Co., 161 Pa.Super. 346, 54 A.2d 291. The Occupational Disease Act is a supplement to the Workmen's Compensation Act of 1915, as amended. 77 P.S. § 1 et seq.; Jones v. Philadelphia & Reading Coal & Iron Co., 154 Pa.Super. 465, 36 A.2d 252. Both acts provide that claims for compensation will be barred unless brought within one year. Claimant had merely an inchoate right to compensation until her husband's death. At that time her right accrued, and this action is not barred since she filed her claim petition within one year."
To the same effect, see Laird v. The State of Vermont Highway Dept., 112 Vt. 67, 20 A.2d 555 (1941); Fitzgerald v. Fisher Body, 234 Mo. App. 269, 130 S.W.2d 975 (1939); Judd v. Rinelli, 75 Idaho 121, 268 P.2d 671 (1954); American Radiator & Sanitary Corporation v. Gerth, 375 S.W.2d 817 (Ky. 1964); Lambing v. Consolidated Coal Co., 161 Pa.Super. 346, 54 A.2d 291 (1947); Ingalls Shipbuilding Corp. v. Dependents of Harris, 187 So.2d 886 (Miss. 1966). See also Haco Drilling Co. v. Hammer, 426 P.2d 689 (Okl. 1967); Industrial Commission v. Kamrath, 118 Ohio St. 1, 160 N.E. 470 (1928); Ross v. Mankato, 199 Minn. 284, 271 N.W. *241 582, 584 (1937); Wolanin v. Chrysler Corp., 304 Mich. 164, 7 N.W.2d 257 (1943); Magma Copper Co. v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942); Anno., 119 A.L.R. 1158-65 (1939).
These cases hold that the failure of a worker to file within the appropriate time period after disability or injury in no way prejudices the right of a widow to file a claim for widow's benefits after the death of her husband, contrary to the result required by the decision of the Court of Appeals.

 The attempt by the dissent to distinguish such decisions.

The dissent seeks to distinguish those cases by stating that they are based on statutes which, unlike ORS 656.807, provide for separate periods of limitation for the worker and the beneficiary. In our opinion, however, such an analysis begs the question. It is true that those cases construed those statutes to provide a separate time limitation for claims filed after death. Whether ORS 656.807 likewise provides such a separate period for the claims of dependents is best determined by comparing the statutes involved in those cases with ORS 656.807, instead of presupposing that ORS 656.807 does not provide for a separate period and thus avoiding the persuasive reasoning found in those cases.
Such a comparison indicates that, although ORS 656.807 is not identical to the other statutes, it is substantially the same and should be interpreted in a similar manner.[9] Each of the statutes upon which those cases are based provides separate periods for filing after disability or injury and for filing after death. Additionally, each of the filing periods, though stated separately, is for an identical duration, reinforcing that dependents have rights after death equivalent to the worker's rights after disability or injury.
Both of these factors appear in ORS 656.807. Subsection (1) provides for filing claims after disability or knowledge of the occupational disease, while subsection (2) separately provides for filing claims after death. Both filing periods are 180 days. As such, the structure of ORS 656.807 is substantially the same as the structure found in other statutes concerning the filing of claims for worker's compensation benefits, and deserves the same interpretation.
It is true that the statutes construed in those cases did not contain ultimate repose provisions such as the five-year limitation found in subsection (1) of ORS 656.807. The absence of such an ultimate repose provision does not make a comparison with those statutes less persuasive, however, because, as previously noted, it is of importance to recognize that the analysis by the dissent and the Court of Appeals would make filing after death dependent not only on the five-year limitation of subsection (1), but also on that subsection's requirement that claims be filed within 180 days after disability, a requirement similar to provisions found in the other statutes. Thus, the Court of Appeals has construed the provisions of ORS 656.807 that are found in the statutes involved in those cases from other states in a manner inconsistent with the conclusions drawn by other courts in construing those similar statutory provisions.
It is also significant, in our opinion, to note that in Hovey v. General Const. Co., 242 Mich. 84, 218 N.W. 768 (1928), which may be the only case in which a court has interpreted a statute[10] containing an ultimate *242 repose provision in addition to separate provisions for filing after disability and after death, the Michigan Supreme Court held that the ultimate repose provision did not apply to claims filed after death. In reaching that conclusion, the court emphasized not only the structure of that statute, but also the general policy regarding the independence of claims filed after death, stating:
"If the two-year limitation were applicable to claims of dependents, then in every instance where the injured employee lived more than two years after the date of his injury as in the instant case, his dependents could have no right of compensation. While this circumstance is not conclusive as to the proper construction of this section, surely it is somewhat persuasive. If the Legislature had intended to fix such a limitation, it would have couched it in language far more direct, simple, and concise than that found in this section. The limitation of two years applies only to the class of cases included within the first provision of this section."
The dissent recognizes the similarity of the statute construed in Hovey to ORS 656.807, but seeks to dismiss Hovey as being inconsistent with Oregon case law and therefore not persuasive. It states that Hovey ignored a clear legislative intent to apply the ultimate repose provision to claims filed after death, and thus is inconsistent with this court's holding in Rosell v. State Ind. Acc. Com., 164 Or. 173, 95 P.2d 726 (1940). In that case this court stated that the courts do not have the authority to waive conditions set by the legislature for filing claims, even if a potential claim by a dependent is extinguished before it ever accrues.
The dissent's analysis misinterprets both Hovey and ORS 656.807. Hovey did not involve a statute with a clear legislative intent requiring that claims filed after death be subject to the statute's ultimate repose limitation. Rather, the case interpreted a somewhat ambiguous statute. In that situation the court appeared to reason that because the claims of beneficiaries are independent and do not arise until the worker's death, the ultimate repose limitation should not be applied to claims filed after death. In contrast, Rosell involved a statute with language that clearly required that in fatal cases a claim must be filed within a year of the injury, and not within a year of death.[11] The court applied a literal construction to the statute to deny a widow's claim filed within a year of death but more than a year after the injury occurred.
*243 ORS 656.807 is similar to the statute applied in Hovey in that there is no clear expression in ORS 656.807 of an intent to apply the five-year ultimate repose provision to claims by widows and dependents filed after death. Instead, the most that can be said of ORS 656.807 is that it is ambiguous. Although the dissent's interpretation of ORS 656.807(2) may be plausible, it is necessarily speculative of what the legislature intended. At best, it points up the ambiguity created by reading subsection (1) together with subsection (2). In the absence of a clear expression in ORS 656.807 of legislative intent, we believe that the reasoning in Hovey is both applicable and persuasive.
For similar reasons, this court's holding in Rosell, supra, does not require an interpretation of ORS 656.807 that applies either the five-year or 180 day provisions of subsection (1) to claims filed after death. The clear legislative intent present in the statute involved in Rosell to require that claims be filed within one year of injury and not within one year of death is not found in ORS 656.807. Indeed, to apply a literal reading to ORS 656.807(2), as applied by the court to the statute in Rosell, would require that a widow always be allowed 180 days after the worker's death in which to file a claim for widow's benefits.
In sum, we are of the opinion that the rule stated by the previously cited cases and authorities is applicable to an interpretation of ORS 656.807 and should be followed and adopted by this court. Such a holding, in our opinion, is entirely consistent with this court's holding in Rosell, supra. Indeed, to hold to the contrary would be inconsistent, in our view, with the rule as previously established by this court in Mikolich, supra, that the claim of a widow for widow's benefits under the Workers' Compensation Act is not a derivative claim from and dependent upon the claim of her deceased husband for compensation, but is an independent claim. Furthermore, we believe that any ambiguity that might result from reading subsection (1) together with subsection (2) requires resolution in favor of the petitioner because of the rule that the Workers' Compensation Act must be construed liberally in favor of compensation.
For these reasons, we reverse the decision by the Court of Appeals. Because, however, that court did not consider or decide whether or not the Workers' Compensation Board was correct in rejecting the claim of the widow of Mr. Fossum for lack of evidence of causation, we remand this case to that court for consideration and decision of that question.
Reversed and remanded.
TANZER, J., dissented and filed opinion in which DENECKE, C.J., and PETERSON, J., joined.
TANZER, Justice, dissenting.
The issue is whether the claim of the beneficiary of the deceased worker is barred by passage of five years after the last exposure to the employment causing the fatal occupational disease. The controlling statute of limitations is ORS 656.807:
"(1) Except as otherwise limited for silicosis, all occupational disease claims shall be void unless a claim is filed with the State Accident Insurance Fund Corporation or direct responsibility employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later.
"(2) If the occupational disease results in death, a claim may be filed within 180 days after the date of the death; and the provisions of subsection (1) of this section do not limit the filing of a claim in fatal cases to less than 180 days from the date of death."
The majority declines to give to ORS 656.807(1) the basic effect of any statute of limitations: to provide finality or repose after a period of access to adjudication. By allowing filing of an occupational disease claim within 180 days of disablement or discovery and within a five-year period following *244 industrial exposure, the legislature has made adjudication available in most cases; by barring claims after five years, it has provided for repose. In Johnson v. Star Machinery Co., 270 Or. 694, 700-701, 530 P.2d 53 (1974), we stated the twofold "rationale behind the enactment of a statute of ultimate repose" such as the five-year provision of this statute:
"* * * In general, there are usually two reasons which are advanced as justification for the imposition of such statutes. The first concerns the lack of reliability and availability of evidence after a lapse of long periods of time. This rationale primarily protects defendants who, without prior notice of pending claims, would necessarily find it extremely difficult, if not impossible, to amount a defense because of the nonpreservation of evidence and the disappearance or death of witnesses after a long lapse of time. However, the reliability of plaintiff's evidence relating to long-past occurrences, transactions or conditions is also a relevant feature.
"The second rationale concerns the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability; e.g. Pearson v. Northeast Airlines, Inc., 309 F.2d 553, 559 (2d Cir.1962) (dictum), cert. denied 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963).
"These rationales are obviously applicable without regard to whether or not undetected damage had occurred at the time of the original negligence. The existence of such damage at the time of the original negligence is irrelevant to the application of the statute and its underlying policies, and we so held in Josephs [v. Burns & Bear, 260 Or. 493, 491 P.2d 203 (1971)]. * * *."
Although Johnson speaks of "negligence," the rationale is equally applicable to employment exposure.[1] The majority assumes the legislature ignored this fundamental rationale of limitations.
In other statutory settings, this court has properly extended limitations where the pertinent statutes permit liberal judicial construction. For example, ORS 12.010 provides generally that, unless a statute provides a different limitation, actions of law shall be commenced within various time periods "after the cause of action shall have accrued." For limitation purposes, we have held that a cause of action does not accrue until discovery of injury, Berry v. Branner, 245 Or. 307, 421 P.2d 996 (1966), and of the causation of the injury, U.S. National Bank v. Davies, 274 Or. 663, 548 P.2d 966 (1976), or until those matters should reasonably have been learned, Schiele v. Hobart Corporation, 284 Or. 483, 587 P.2d 1010 (1978). Similarly, we construed the limitation in the Tort Claims Act which runs from the date of "such accident or occurrence," ORS 30.275(3), to run from discovery of the injury because "there is no `accident or occurrence' unless the result is injury capable of compensation in an action for damages." Dowers Farms v. Lake County, 288 Or. 669 at 678, 607 P.2d 1361 (1980).
The language of ORS 656.807(1) is finite; it does not allow for expansive judicial construction. The five-year ultimate limitation commences to run upon the occurrence of a specific event, "the last exposure in employment." The statute makes an express allowance for delayed discovery in the clause regarding filing within 180 days of disablement or discovery; it makes no such provision for delayed discovery in the five-year *245 ultimate limitation clause. Therefore, the worker's claim, had he survived, would have been barred under subsection (1) by the passage of five years between last exposure and filing even though he discovered the illness thereafter. Neither he nor his family would have had the benefits of compensation had the worker been disabled but lived.
In contrast, where the statute is definite, we do not enlarge it. For example, we literally construed the more precise language of an earlier workers' injury statute in the case of Rosell v. State Ind. Acc. Com., 164 Or. 173, 95 P.2d 726 (1940). That statute provided:
"No application shall be valid or claim thereunder enforceable * * * in fatal cases unless such claim is filed within 1 year after the date upon which the fatal injury occurred * * *."
The injury occurred in 1930, the death in 1936 and the widow's claim was filed within a year of death. We held her claim to be barred because the statute so provided:
"The Oregon workmen's compensation law makes provision for the injured workman or, in case of his death, for his beneficiaries, unknown to the common law. The legislature had a right to append such conditions as it chose to the privilege of receiving compensation: Lough v. State Industrial Accident Commission, [104 Or. 313, 207 P. 354] supra; Demitro v. State Industrial Accident Commission, 110 Or. 110, 223 P. 238; Pine v. State Industrial Accident Commission, 148 Okl. 200, 298 P. 276, 78 A.L.R. 1287 and annotations. One of the conditions the law imposes on the right to receive compensation is that applications therefor must be filed within certain designated time. Neither the commission nor the courts have authority to waive this requirement of the statute. * * *"
The next question is whether subsection (2) eliminates the five-year bar in cases of beneficiaries' claims. The history of the statute demonstrates that it does not. Prior to 1959, ORS 656.807 existed in this form:
"Except as otherwise limited for silicosis, all occupational disease claims shall be void unless filed within three years after the last exposure and within three months from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease."
Under the plain words of former ORS 656.807, "all claims," whether by the worker or a beneficiary, were void if not filed within the statutory notice period and ultimate limitation. The statute provided no exception to its absolute application.
In 1959 the legislature amended ORS 656.807 to extend the limitations to their present duration and to add what now appears as subsections (2) and (3). Oregon Laws 1959, ch. 351, § 2. We find no recorded legislative history which reflects the purpose of subsection (2). In the absence of some legislative evidence to the contrary, I assume that the legislature intended that the statute in its amended form continue to accomplish the objective of statutes of limitation, finality and repose. Petitioner's contention that a literal reading of subsection (2) would allow a beneficiary 180 days from death in which to file a claim regardless of how many years have passed since the last exposure to the injurious condition, would obviate the finality function performed by the five-year ultimate limitation. There is no reason for the majority to conclude that the legislature intended to abandon the ultimate limitation so that even after the passage of 5 years, or, for that matter, over 30 years later an employer's financial exposure would be revived.
The more reasonable reading of subsection (2) is that the legislature intended to liberalize the time after death in which a beneficiary could file a claim rather than to revive past liability. Under subsection (1) the worker may, within five years of his last employment exposure, file a claim within 180 days of disablement or discovery. Before the 1959 amendment, in case of death, a beneficiary was subject to the same time constraints to which the worker would have been subject had he not died. *246 For example, if the five years or 180 days passed on the day of the funeral without a claim having been filed, the beneficiary was barred from benefits. The effect of the 1959 amendment was to alleviate the harshness of that restriction by extending a grace period of 180 days to the beneficiary which would not be foreshortened by the expiration of the time "provisions" of subsection (1), (i.e., either the five year or the worker's 180-day period) during the 180 days after death. Reviewing the words of subsection (2) in that light, that purpose is evident:
"(2) If the occupational disease results in death, a claim may be filed within 180 days after the date of the death; and the provisions of subsection (1) of this section do not limit the filing of a claim in fatal cases to less than 180 days from the date of death."
The majority adopts a different construction of the limitation because of the rule under other statutes that the beneficiary's death claim is independent rather than derivative from the worker's claim. See Mikolich v. State Ind. Acc. Com., 212 Or. 36, 316 P.2d 812, 318 P.2d 274 (1957), which applies a different statute. Neither the case nor the theory is dispositive, however, because the limitation of ORS 656.807 applies to "all claims," and the five-year limitation starts to run from the same event, "last exposure in employment," regardless of whether the claim is independent or derivative.
The majority and the claimant cite 3 Larson, Workmen's Compensation Law § 78.62 and many cases for the proposition that after death, the beneficiary has a new and independent claim which is not prejudiced by the failure of the worker to have filed a claim within the limitation periods. All of the cases upon which Larson and the majority rely are either based on statutes which, unlike ORS 656.807, provide for separate periods of limitation for the decedent and the beneficiary, or are decided on other grounds.[2] The sole exception is Hovey v. General Construction Co., 242 Mich. 84, 218 N.W. 768 (1928) which allowed a late beneficiary's claim filed after the statutory period on the ground that the legislature, despite its words to the contrary, must not have intended otherwise. Hovey is therefore in direct opposition to the holding of this court 12 years later in Rosell v. State Ind. Acc. Com., supra. See also Johnson v. Compensation Department, 246 Or. 449, 452, 425 P.2d 496 (1967). Hovey is inconsistent with both the words of ORS 656.807 and with Oregon case law and is therefore not persuasive.
The Court of Appeals reasoned that subsection (2) did not operate to eliminate the five-year ultimate limitation for a beneficiary, but only protected the beneficiary's entitlement to 180 days for claim filing from premature expiration due to the passage of the time period under subsection (1). Because in this case more than five years *247 had passed since the last exposure in employment, it held that this claim was limited by ORS 656.807. That conclusion was correct and I would affirm.
DENECKE, C.J., and PETERSON, J., join in this dissenting opinion.
NOTES
[1] ORS 656.807 provides:

"(1) Except as otherwise limited for silicosis, all occupational disease claims shall be void unless a claim is filed with the State Accident Insurance Fund Corporation or direct responsibility employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later.
"(2) If the occupational disease results in death, a claim may be filed within 180 days after the date of the death; and the provisions of subsection (1) of this section do not limit the filing of a claim in fatal cases to less than 180 days from the date of death.
"* * *".
[2] See note 1, supra.
[3] We are aware of the subsequent case of Fertig v. Compensation Department, 254 Or. 136, 455 P.2d 180, 458 P.2d 444 (1969), in which this court held that a widow could not secure permanent partial disability benefits unless an award of such benefits was made to her husband prior to his death. In that case, however, we interpreted a statute that explicitly conditioned payment to the widow upon her husband's prior award. That statute, ORS 656.218, stated:

"In case of the death of a workman receiving monthly payments on account of permanent partial disability, such payments shall continue for the period during which said workman, if surviving, would have been entitled thereto, and such payments shall be made to the person or persons who would have been entitled to receive death benefits if the injury causing such disability had been fatal * * *." (Emphasis added)
The statute presented in question, ORS 656.807, does not clearly condition the widow's benefits upon her husband's compliance, but is ambiguous.
[4] The statute in question in Beels, Wash.Rem. Rev.Stat. 7686 (1932), stated:

"(d) No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."
[5] The statute construed in Pardeick, 2 Comp. Laws 1915, § 5437, stated:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employe, within six months after said death * * *."
[6] The statute construed in O'Esau, Section 28 of the Workers' Compensation Law, stated that a right to compensation:

"* * * shall be forever barred unless one year after the accident, or if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the commission."
[7] The statute construed in Wray, the North Carolina Workers' Compensation Act (Pub. Laws: 1929 ch. 120), stated:

"Sec. 24. The right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter."
[8] The statute construed in Holahan, the Occupational Disease Act of 1939, stated:

"Section 315. In case of disability all claims for compensation shall be forever barred, unless, within one year after the disability begins, the parties shall have agreed upon the compensation payable under this article, or unless, within one year after the disability begins, one of the parties shall have filed a petition as provided in article four hereof. In cases of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation payable under this article, or unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof."
[9] See notes 3-7, supra.
[10] The statute construed in Hovey, Michigan Public Acts of 1919, Part 2, Section 15, stated:

"Sec. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employe, within six months after said death; or, in the event of his physical or mental incapacity, within the first six months during which the injured employe is not physically or mentally incapacitated from making a claim: Provided, however, That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within three months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident but does develop and make itself apparent at some date subsequent to six months after the happening of the same, claim for compensation may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employe, but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained: and provided further, That any time during which an injured employe shall be prevented by reason of his physical or mental incapacity from making a claim, shall not be construed to be any part of the six months' limitation mentioned in this section: and provided further, That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the Industrial Accident Board as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employe or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the Industrial Accident Board."
[11] The statute construed in Rosell stated:

"No application shall be valid or claim thereunder enforceable in non-fatal cases unless such claim is filed within three months after the date upon which the injury occurred, nor in fatal cases unless such claim is filed within one year after the date upon which the fatal injury occurred * * *."
[1] See also James and Hazard, Civil Procedure 165-166, § 5.7 (2d ed. 1977), which states a third rationale:

"(1) Protection of a defendant from stale claims-`from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost.' [Citation omitted.] (2) Protection of defendant from insecurity, which may be economic or psychological, or both. `There comes a time when he ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations.' [Citation omitted.] (3) Protection of courts from the burden of stale claims which as a class probably contain more than their fair share of groundless and tenuous claims."
[2] These cases involve statutes with separate claim periods for the worker and the beneficiary. Some also have ultimate limitations, but they are decided on the former ground: Judd v. Rinelli, 75 Idaho 121, 268 P.2d 671 (1954); American Radiator & Standard San. Corp. v. Gerth, 375 S.W.2d 817 (Ky. 1964); Pardeick v. Iron City Engineering Co., 220 Mich. 653, 190 N.W. 719 (1922); Ingalls Shipbuilding Corp. v. Dependents of Harris, 187 So.2d 886 (Miss. 1966); Fitzgerald v. Fisher Body Shop, 234 Mo. 269, 130 S.W.2d 975 (1939); O'Esau v. E.W. Bliss, 186 App.Div. 556, 174 N.Y.S. 739, aff'd without opinion 227 N.Y. 597, 129 N.E. 921 (1919); Wray v. Carolina Cotton and Woolen Mills, 205 N.C. 782, 172 S.E. 487 (1934); Industrial Commission of Ohio v. Kamrath, 118 Ohio St. 1, 160 N.E. 470 (1928); Moore v. Dodge Steel Co., 206 Pa.Super. 242, 213 A.2d 130 (1965); Segal v. Segal, 201 Pa.Super. 367, 191 A.2d 858 (1963); Holahan v. Bergen Coal Co., 164 Pa.Supp. 177, 63 A.2d 504 (1949); Lambing v. Consolidated Coal Co., 161 Pa.Super. 346, 54 A.2d 291 (1947); American Motorists Ins. Co. v. Villagomez, 398 S.W.2d 742 (Tex. 1966); Beels v. Department of Labor and Industries, 178 Wash. 301, 34 P.2d 917 (1934).

These cases were decided on grounds unrelated to limitations, such as res judicata, grounds for vacating claims: Magma Copper Co. v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942); Wolanin v. Chrysler Corporation, 304 Mich. 164, 7 N.W.2d 257 (1943); Roos v. Mankato, 199 Minn. 284, 271 N.W. 582 (1937); Haco Drilling Company v. Hammer, 426 P.2d 689 (Okl. 1967); Laird v. State of Vermont Highway Dept., 112 Vt. 67, 20 A.2d 555 (1941).