CARRIE JOHNSON, WIDOW OF PINK JOHNSON, DECEASED, v. CHARLOTTE BAGGING COMPANY AND MARYLAND CASUALTY COMPANY.

(Filed 30 November, 1932.)

1. **Master and Servant F i—Findings of Industrial Commission must be based on competent evidence in order to be binding on appeal.**

Where there is competent legal evidence to support a finding of fact by the Industrial Commission in a compensation hearing before it, such finding is binding on the courts on appeal, but its findings are not conclusive when based on incompetent evidence.

2. **Master and Servant F b—Evidence held sufficient to support finding that injury did not arise out of and in course of employment.**

Where there is evidence by a medical expert witness who attended the deceased employee that' from his own observation of the deceased employee his death was caused by pneumonia which was not connected with any injury sustained arising out of and in the course of the employment, such evidence is sufficient to sustain a finding of the Industrial Commission to that effect and to sustain its award denying compensation, and the decision of the Commission will be upheld on appeal although there was incompetent evidence introduced at the hearing regarding a declaration of the deceased and his wife that the deceased employee had injured his head while at home at the same place where he had received an injury arising out of and in the course of his employment, the evidence being sufficient to sustain the finding that the injury received in the course of the employment and arising out of it did not cause death.

APPEAL by plaintiff from *Finley, J.,* at June Term, 1932, of MECKLENBURG. Affirmed.

The material facts of record were to the effect: That Pink Johnson had been in the employ of the Charlotte Bagging Company from twelve to fourteen years; was a hearty and robust working man, prior to January, 1931, and while in the employ of the defendant company, on 7 January, a brick weighing four pounds, and falling some eight or ten feet, struck the deceased on top of the head, making an incision about one inch in length; and at which time and place, first aid treatment was given; Pink Johnson continued to work in such condition until 12 o'clock on 12 January, 1931, at which time he informed his superintendent, that he was chilly and felt badly. Johnson went home, was put to bed and visited later by an employer and foreman of defendant company. He was found to be in bed with a high temperature and very sick. On 14 January, 1931, Dr. E. R. Hipp called to see him, and found Johnson with a temperature of 102, he was very sick. Dr. Hipp's report of 23 January, pronounced that the deceased had erysip-

elas of the scalp, ears and face, and that the deceased's disability at that time was a result of the injury sustained on 7 January. The deceased was confined to his bed until 23 February, 1931, when he was moved to the Good Samaritan Hospital, dying on 3 March, 1931. The further testimony of Dr. Hipp will be set forth in the opinion.

The material part of the Commissioner's finding of facts is as follows: "On 3 March, 1931, Pink Johnson died as the result of pneumothorax, following bronchitis. After the injury by accident on 7 January 1931, Pink Johnson, the deceased, worked four or five days. He asked to be relieved of his duties, after working a half day on the 12th, saying that he was feeling badly, and felt like he was going to have a chill. His employer permitted him to go home. Pink Johnson, the deceased, suffered injury by accident, the second one occurring when at home, he struck a nail in the exact spot on his head where he had received an injury from the falling brick. Erysipelas immediately followed that injury."

Conclusions of law by the Commissioner: "All the witnesses for the claimant have testified definitely that the claimant's intestate never returned to his job with the Charlotte Bagging Company, after being hit in the head by a falling brick. All of these witnesses are positive that immediately or within a day or two after being hit in the head by a falling brick, the deceased's head began to swell, are equally positive in their testimony that the deceased did not suffer any injury at his own home, while going underneath the house for something and sticking a nail in the same spot where he had been injured by the falling brick. The witnesses for the defendants are positive that the deceased worked three or four days after being hit in the head with the falling brick. The payroll records of the employer show that the deceased lost no time until the afternoon of the 12th. Dr. Hipp, the only medical expert who testified, said that he received a history from the deceased and his wife, that the deceased had injured his head with a rusty nail several days after having been injured by the brick falling on his head. *The doctor is positive in his testimony that the deceased did not die as the result of the injury sustained by the falling brick. The doctor says that the deceased died from pneumothorax and erysipelas following this second injury.* The Commissioner is of the opinion that the claimant has failed to make out her case. We cannot be convinced from this evidence, that there is any connection between the death of Pink Johnson and the injury by accident which he suffered while employed by the Charlotte Bagging Company on 7 January, 1931, since no connection, in the opinion of the Commissioner, has been established, compensation must be denied, and it is so ordered."

On appeal the judgment of the full Commission is as follows: "That the findings of fact and conclusions of law set out in the opinion of Commissioner J. Dewey Dorsett, are proper and justified from all the evidence, and they are hereby adopted as findings of fact and conclusions of law of the full Commission, and that the award heretofore issued on 12 March, 1932, reading as follows: 'Upon the findings that the death of the deceased was not the result of any injury arising out of and in the course of his employment, the claim for compensation is denied and case dismissed. Each side to pay its own cost,' be in all respects affirmed."

On appeal from the judgment of the full Commission to the Superior Court, the judgment is as follows: "It is thereupon, considered, ordered and adjudged, that the award of the said North Carolina Industrial Commission be and the same is hereby in all respects approved and affirmed, and that the plaintiff be taxed with the costs of this appeal." The plaintiff excepted and assigned error and appealed to the Supreme Court.

*Ralph V. Kidd and H. P. Whitacre for plaintiff.*
*U. S. Alexander and W. C. Ginter for defendants.*

CLARKSON, J. The plaintiff contends: "That the judgment of the Superior Court should be reversed because the only evidence upon which the Industrial Commission issued an award *was upon the incompetent testimony of Dr. Hipp,* no one else, as the record will show, testified that the deceased received any other injury except the one caused by the falling brick." We think the record discloses evidence that Pink Johnson deceased, died as a result of pneumothorax following bronchitis and not of any injury.

In *Brown v. Ice Co., ante,* at p. 100, we find; *Brogden, J.:* "Obviously, if all the testimony offered by a claimant, tending to show an injury sustained in the course of his employment, was hearsay and incompetent, no finding based upon such testimony could be upheld."

This principle of law is sane and sound, and should be adhered to. It goes without saying that courts must hold to the well settled rules of evidence.

Conceding, but not deciding, that the testimony of Dr. Hipp, giving the history of the second injury as narrated to him by Pink Johnson and his wife, Carrie Johnson, was incompetent, yet we think there is sufficient competent evidence on the record to sustain Commissioner Dorsett, affirmed by the full Commission and the court below. In admitting the testimony contended by plaintiff as incompetent, the Com-

missioner, stated: "By the court: I know it is not competent, but I am going to admit it for what it might be worth, in helping me find the facts, give plaintiff an exception." The evidence admitted, as testified to by Dr. Hipp, of what the Johnsons narrated to him, in part, is as follows: "On or about 7 January, 1931, while working at the Charlotte Bagging Company, Charlotte, North Carolina, a brick fell a short distance, striking him on the left side of the head. The wound which was rather small was treated at the Charlotte Bagging Company by the first aid man. The wound had apparently healed nicely and caused no inconvenience or discomfort. He continued working following the accident. Several days previous to 14 January, 1931, *he stated he was under his residence getting coal and he struck his head on a nail protruding through the floor, the nail tearing open the apparently healed wound, which he received on 7 January, 1931.* Following the injury to his scalp with the nail, the wound became very sore and gave him pain. He also stated that for some time he had had a bad cold with a rather severe cough. This cold and cough ante-dated his injury at the Charlotte Bagging Company. At the time of my examination on 14 January, 1931, I found this man to have a small lacerated wound of the scalp on the left side of the head, the wound being infected and draining pus. I cleaned it thoroughly, and applied antiseptic dressing."

The full Commission found: "Upon the findings that the death of the deceased was not the result of any injury arising out of and in the course of his employment, the claim for compensation is denied and case dismissed."

The injury complained of by Pink Johnson, deceased, while working for the defendant his employer, was on 7 January, and he died on 3 March, 1931. Dr. Hipp further testified, unobjected to: "Q. Then she gave a history of his scraping his head on a nail underneath the house? A. Yes, sir. Q. Tearing open the same wound? A. Yes, sir. Q. The wound developed erysipelas? A. The same wound? Yes, sir. Q. You gave antitoxin for erysipelas? A. Yes, sir. Q. And it cleared up the erysipelas? A. Yes, sir. Q. *And you do not see any connection between the erysipelas and the pneumonia that caused his death? A. No sir. Q. And in fact, the first time you saw him, he was suffering from bronchitis and a cold or lung trouble? A. Yes, sir.*" This is sufficient evidence, to sustain the finding.

In *Kenan v. Motor Co., ante,* at p. 110, is the following: "It is well settled that if there is any competent evidence to support the findings of fact of the Industrial Commission, although this Court may disagree with such findings, this Court will sustain the findings of fact made by the Commission."

In *Garris v. Hines Bros., ante,* at p. 148, we find, often reiterated: "The law has established the Industrial Commission as a tribunal to find the facts in compensation cases. This Court has consistently held in accordance with the statute that, if there is any competent evidence to support the findings of fact made by the Commission, such findings are binding upon the appellate courts."

The well considered brief and able argument of plaintiff was persuasive, but we are bound by the findings of the Industrial Commission. The judgment below is

Affirmed.