MRS. RUTH CLARK v. CAROLINA COTTON AND WOOLEN MILLS, AND ÆTNA LIFE INSURANCE COMPANY.

(Filed 19 April, 1933.)

1. **Master and Servant F i—**

    The findings of fact of the Industrial Commission are conclusive when based on any competent evidence.

2. **Master and Servant F b—Evidence held sufficient to support finding that disability occurring after injury was the result thereof.**

    Where in a hearing before the Industrial Commission there is evidence that the claimant injured her back in an accident arising out of and in the course of her employment, that the insurer paid two weeks disability, and that thereafter claimant returned to her work, but collapsed after a period of almost twelve months after the injury, and became wholly disabled, that she complained of pain in her back throughout the period, together with medical expert opinion evidence that the claimant was suffering with myelitis and that it was the result of the injury to

her back which arose out of and in the course of her employment, *is held* sufficient to sustain the award of compensation by the Industrial Commission, although there was conflicting expert testimony that the myelitis was not the result of the injury.

**3. Master and Servant F d—**

The admission of incompetent evidence in a hearing before the Industrial Commission will not be held prejudicial where there is sufficient competent evidence to support the Commission's findings of fact.

APPEAL by defendants from *Harding, J.,* at August Term, 1932, of GUILFORD. Affirmed.

The hearing Commissioner's findings of fact (which were adopted and affirmed by the full Commission), are as follows:

"1. The parties to this cause are bound by the provisions of the North Carolina Workmen's Compensation Law and the Ætna Life Insurance Company is the insurance carrier.

2. The plaintiff, while regularly employed by the defendant, employer, at an average weekly wage of $15.00, suffered an injury by accident on 20 January, 1930, which arose out of and in the course of her employment.

3. The injury was caused when the plaintiff fell down a flight of stairs injuring her back.

4. An agreement for the payment of compensation was entered into by the parties to this cause and compensation paid in the amount of $18.00 for two weeks disability immediately following the fall in January, 1930, and the plaintiff returned to work on 10 February, 1930.

5. The plaintiff has continuously complained of her back since the date of the accident on 20 January, 1930. Prior to that time she had had no trouble with her back.

6. The plaintiff has been totally disabled since 18 January, 1931. She has been in the hospital and under the care of doctors most of the time.

7. The disability complained of by the plaintiff has been diagnosed as myelitis. This myelitis is the result of the injury by accident sustained on 20 January, 1930.

8. While the plaintiff returned to work on 10 February, 1930, after the injury on 20 January, 1930, her disability as the result of this accident has never terminated. According to the evidence in this record she has continuously suffered all during that period although she returned to work and earned wages during the time from 2 February, to 18 January, 1931.

9. The plaintiff's complete collapse in church on 18 January, 1931, was within twelve months from the date of her accident on 20 January, 1930."

The necessary facts and assignments of error will be set forth in the opinion.

*Fagge & Walker for plaintiff.*
*Sapp & Sapp for defendants.*

CLARKSON, J. The questions involved: (1) Did the plaintiff's injury arise out of and in the course of the employment? (2) Was the award as made by the Commission in accordance with the rules and regulations governing the North Carolina Workmen's Compensation Act? We think both questions must be answered in the affirmative.

The Workmen's Compensation Law, chap. 120, Public Laws of 1929, section 2(f) (N. C. Code, 1931 (Michie), sec. 8081(i), subsec. (f), is as follows: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

The material finding of fact by the Industrial Commission, as above set forth, is as follows: "The plaintiff, employee, while regularly employed by the defendant, employer, at an average weekly wage of $15.00, suffered an injury by accident on 20 January, 1930, which arose out of and in the course of her employment."

The following is also in the record: "The Commissioner respects a great deal the medical opinion of every doctor who has testified in this case. Under the circumstances, however, we cannot take the view of all the doctors. We have cast our ballot with that group of doctors who have taken the position that the myelitis has resulted from the injury by accident sustained on 20 January, 1930. We believe that there has been established a causal connection between the condition complained of at the present time known as myelitis and the fall the plaintiff suffered on 20 January, 1930."

It is well settled that if there is any sufficient competent evidence to support the findings of fact of the Industrial Commission, although this Court may disagree with such findings, this Court will sustain the findings of fact made by the Commission. *Kenan v. Motor Co.,* 203 N. C., at p. 110; *Johnson v. Bagging Co.,* 203 N. C., 579; *Richey v. Cotton Mills,* 203 N. C., 595; *Massey v. Board of Education, ante,* 193, 196.

There is much testimony pro and con as to the cause which produced the myelitis with which plaintiff is afflicted. We think the findings of fact by the Commission can be sustained from the evidence and report of Dr. John T. Burrus, which the record states "in the form of testimony in this case," viz.: "24 November, 1931, Mrs. Ruth Clark was admitted to this hospital for study by the group connected with this hospital.

She remained in the hospital until 11/26/31, and was discharged in the same condition as on admission. Complete examination by Dr. H. L. Brockman, P. W. Flagg, and myself was made, including laboratory work, complete X-ray, review of the history and records. Conclusions reached in this case, after a careful review of the case is as follows: There is a subluxation of the first lumbar vertebra. There is a distinct right lateral rotation of the body of the fourth lumbar vertebra. The articular surface of the left side is wider than that shown on the right. The fifth lumbar vertebra is dislodged and shows a possible fracture. The pelvis shows no abnormality. At this time there is pressure on either the nerve roots or cord and at the first and second there is a disalignment with subluxation of the fourth and fifth lumbar vertebræ. There is a myelitis which has followed injury to the spinal column and a resulting injury to the cord and nerve roots. . . . The only thing in the world that we could find that would lead to the causation of myelitis in this case was that she had had the injury and that she did show a definite injury to the spinal column. . . . I have seen myelitis develop months after injuries, which injuries had been thought of as responsible for the myelitis."

Dr. H. L. Brockman testified, in part: "I would even go so far as to say the X-ray might not show it and I would still believe the injury caused it. . . . From my examination, including the laboratory and X-rays, there was nothing to suggest that there was any other cause of her disability other than injury."

The assignment of error in regard to the hearsay testimony we do not think on the record prejudicial. *Brown v. Ice Co.,* 203 N. C., 97; *Johnson v. Bagging Co.,* 203 N. C., 579.

The Industrial Commission said: "This is a very interesting case. It has given the trial Commissioner much concern. The plaintiff is in a pitiful condition. The defendant insurance carrier has been very liberal from a medical standpoint and has been interested in this very complicated case. They have authorized hospital treatment and observation by eminent physicians and surgeons at their expense for a number of months in order to properly diagnose this plaintiff's condition. They are to be commended for their attitude on their part. There is in this record a division of medical opinion." This humanitarian conduct by defendant carrier to plaintiff is rightly commended. The able and learned brief of defendants is persuasive, but not convincing, under the holdings of this Court. For the reasons given, the judgment of the court below is

Affirmed.