MRS. HENRIETTA MATTHEWS WRAY, MOTHER OF WM. J. MATTHEWS, DECEASED, AND RUBY WRAY, SISTER, v. CAROLINA COTTON AND WOOLEN MILLS COMPANY, EMPLOYER, AND ÆTNA LIFE INSURANCE COMPANY, CARRIER.

(Filed 24 January, 1934.)

**1. Master and Servant F c—**

The claim of an injured employee under the Compensation Act is barred if not filed within one year of the accident.

**2. Same—Claim of dependents for employee's death is not barred if filed within one year after death of employee.**

Where the claim of an employee under the Compensation Act is dismissed because not filed within one year of the accident, and pending appeal the employee dies as a result of the accidental injury, his dependents' claim for compensation for his death brought one month after his death is not barred, the dependents not being parties in interest in the prior proceeding, and their claim being an original right enforceable only after his death. Chapter 120, sec. 24, Public Laws of 1929.

**3. Master and Servant F d—**

Evidence taken before the Industrial Commission upon a claim of an injured employee is competent in proceedings by his dependents to recover compensation for his death later resulting from the accident.

**4. Master and Servant F i—**

Where there is ample evidence to support the claim of dependents of an employee the findings of the Industrial Commission upon which an award is made are conclusive on the courts.

APPEAL by respondents from *Moore, Special Judge,* at May Special Term, 1933, of ROCKINGHAM. Affirmed.

This is a proceeding under the North Carolina Workmen's Compensation Act. William J. Matthews, an employee of the Carolina Cotton and Woolen Mills, was injured about 9 p.m. on 28 November, 1930. While engaged in running a slashing machine he pulled a lever which was supported by a chain; the chain broke and the lever fell on his left leg and injured it two or three inches above the knee. His leg was amputated. There was evidence that his death resulted from the accident.

The Industrial Commission was first notified of the injury on 12 April, 1932. The case was heard by one member of the Commission on 25 July, 1932, and was dismissed on 15 August, 1932, for the reason that the claim had not been filed with the Commission within one year after the accident. Workmen's Compensation Act, section 24. The claimant appealed but died before the appeal could be heard by the Commission.

His death occurred on 24 August, 1932, and on 8 September, 1932, his dependent mother, Mrs. Henrietta Matthews Wray, filed with the Industrial Commission her claim for compensation and requested a further hearing to determine the question of depenency. He left surviving him his mother and sister as his dependents.

This claim was heard by one member of the Commission who allowed the dependents compensation and upon appeal to the full Commission the award was approved. Appeal was then taken to the Superior Court and the findings of fact, conclusions of law, and the award of the full Commission were adopted by the court and in all respects affirmed. The respondents excepted and appealed.

*King & King for appellants.*
*H. L. Fagge, B. W. Walker and James B. Fagge, Jr., for appellees.*

ADAMS, J. The amendment of section 24 of the Workmen's Compensation Act was ratified on 12 May, 1933, and the opinion of the Industrial Commission was filed on 7 March, 1933. At the latter date section 24 read as follows: "The right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter." Public Laws, 1929, chap. 120, sec. 24.

William J. Matthews, the employee, was injured on 28 November, 1930, and filed his claim with the Industrial Commission on 12 April, 1932. The claim, therefore, was not filed "within one year after the accident," and for this reason it was dismissed. The limitation of time prescribed by the statute is mandatory and must be observed. 2 Schneider, Workmen's Compensation Law, 1904, sec. 545; Minor, Workmen's Compensation Laws, 310; *Kalucki v. Am. Car. & Foundry Co.,* 166 N. W. (Mich.), 1011; *Bushnell v. Industrial Board,* 114 N. E. (Ill.), 496.

Within a month after the death of the employee his dependents filed with the Commission a claim for compensation and it was allowed. The appellants contest the validity of this award mainly on the ground that the claim prosecuted by the dependents was in the nature of an amendment to the proceeding begun by the employee and that an amendment could be made only by consent; that the order dismissing the employee's claim was final and exclusive; and that the limitation which barred the employee bars his dependents. We do not regard this as a legitimate deduction.

With respect to the claim of the employee it may be granted that as to him the order denying relief was conclusive; but during his lifetime his dependents were not parties in interest to the proceeding he

brought for the enforcement of his claim. Their right to compensation did not arise until his death and their cause of action was not affected by anything he did, not even to the extent of a reduction of their compensation by payments sought by him, because no such payments were made. The basis of their claim was an original right which was enforceable only after his death. *Curtis v. Slater Const. Co.,* 168 N. W. (Mich.), 958; *Giannotti v. Giusti Bros.,* 102 Atl. (R. I.), 887.

It is suggested that the evidence which was heard in reference to the claim of the employee was not competent in behalf of the dependents; but both claims originated in one accident and all the evidence relating to the accident and injury, the employment, the date and cause of the death, and other circumstances were matters of record and were proper subjects of investigation. There was ample evidence in support of the dependents' claim and we are concluded by the facts as found by the Commission. *Clark v. Woolen Mills,* 204 N. C., 529; *Johnson v. Bagging Co.,* 203 N. C., 579; *Aycock v. Cooper,* 202 N. C., 500. Judgment Affirmed.