FRED SMITH v. S. E. HAUSER AND COMPANY, ET AL.

(Filed 23 May, 1934.)

**Master and Servant F i—The findings of the full Commission on appeal from the hearing commissioner are conclusive upon appeal to the courts.**

In this case the full Commission on appeal reversed the award of the hearing commissioner allowing compensation, and found, upon supporting evidence, that the accident resulting in the death of the employee did not arise out of and in the course of his employment. On appeal to the Superior Court, judgment was entered reversing the award of the full Commission and reinstating the award of the hearing commissioner : *Held,* the findings of fact by the full Commission were binding on the Superior Court, and the award of the full Commission denying compensation should have been sustained.

APPEAL by defendants from *Clement, J.,* at February Term, 1934, of DAVIDSON.

Proceeding under Workmen's Compensation Act to determine liability of defendants to next of kin of Fred Smith, Jr., deceased employee.

The hearing commissioner found the following facts:

"The deceased, Fred Smith, Jr., age 14, was employed by the S. E. Hauser Company at its grocery store in Lexington, North Carolina, for the purpose of delivering small orders on a bicycle, and he was sometimes used to help get up orders in the store.

"On 8 June, 1933, at about 1:30 o'clock in the afternoon, the deceased went upstairs over the store of the S. E. Hauser Company where he was joined by a fellow-employee, Perley Floyd. The two boys entered a private bedroom which was located above the store of S. E. Hauser and Company. The deceased sat down on one end of a cot and his fellow-employee, Perley Floyd, sat down on the other end of the cot. The deceased picked up a magazine and while reading it, his fellow-employee,

Perley Floyd, picked up a shot gun and in handling the gun it accidentally discharged, resulting in the death of the deceased, Fred Smith, Jr."

Upon these facts, the hearing commissioner awarded compensation to the father and mother of the deceased.

On appeal to the full Commission, compensation was denied on the additional finding that the bedroom in question was not a part of the premises of the grocery store, but was used solely as a private bedroom, and that the deceased with his companion had stepped aside and abandoned temporarily his employment, in pursuit of his own pleasure or fancy.

On appeal to the Superior Court, the decision and award of the full Commission was reversed, and the decision and award of the hearing commissioner reinstated and affirmed.

Defendants appeal, assigning errors.

*Don A. Walser and D. L. Pickard for plaintiff.*
*King & King, J. A. Cannon, Jr., and Carver V. Williams for defendants.*

STACY, C. J. It is provided in section 60 of the Workmen's Compensation Act, chap. 120, Public Laws, 1929, that the award of the Commission "shall be conclusive and binding as to all questions of fact." *Reed v. Lavender Bros., post,* 898, 172 S. E., 877; *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594. Therefore, the facts found by the full Commission are binding on the courts, unless the evidence is insufficient to support the findings. *Dependents of Thompson v. Funeral Home,* 205 N. C., 801; *Dependents of Poole v. Sigman,* 202 N. C., 172, 162 S. E., 198.

"It is well settled that if there is any competent evidence to support the findings of fact of the Industrial Commission, although this Court may disagree with such findings, this Court will sustain the findings of fact made by the Commission"—*Clarkson, J.,* in *Kenan v. Motor Co.,* 203 N. C., 108, 164 S. E., 729. *Clark v. Woolen Mills,* 204 N. C., 529, 168 S. E., 816; *Massey v. Board of Education,* 204 N. C., 193, 167 S. E., 695.

The evidence supports the findings of the full Commission that plaintiff's intestate was not injured by accident arising out of and in the course of his employment, hence it is not for the courts to say otherwise. *Reed v. Lavender Bros., supra; Johnson v. Bagging Co.,* 203 N. C., 579, 166 S. E., 586.

The court erred, therefore, in reversing the award of the full Commission and reinstating the award of the hearing commissioner.

Error.