IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-132

No. 9A22

Filed 16 December 2022

ANGELA McAULEY, Widow of STEVEN L. McAULEY, Deceased Employee

v.

NORTH CAROLINA A&T STATE UNIVERSITY, Employer,

and

SELF-INSURED (CORVEL CORPORATION, Third-Party Administrator)

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 280 N.C. App. 473, 2021-NCCOA-657, affirming an Opinion and Award filed by the North Carolina Industrial Commission on 28 August 2020. Heard in the Supreme Court on 19 September 2022.

*Daggett Shuler, Attorneys at Law, by Griffis C. Shuler, for plaintiff-appellant.*

*Joshua H. Stein, Attorney General, by Matthew E. Buckner, Assistant Attorney General, for defendant-appellee.*

HUDSON, Justice.

¶ 1      This case considers whether a deceased employee's prior timely filing of a workers' compensation claim for an injury is sufficient to establish the Industrial Commission's jurisdiction over a dependent's subsequent claim for death benefits allegedly resulting from that injury. In accordance with the relevant statutory

language, pertinent legislative history, and principle of liberal construction, we answer this question affirmatively: an injured employee's timely workers' compensation claim establishes the Industrial Commission's jurisdiction over that case, including over a dependent's subsequent claim for death benefits. We therefore reverse the Court of Appeals' ruling below and remand this case to the Industrial Commission.

## I.  Factual and Procedural Background

On 30 January 2015, Mr. Steven McAuley (decedent) suffered an injury to his back while employed by North Carolina A&T State University (defendant).[1] On 11 February 2015, decedent filed a Form 18, Notice of Accident to Employer and Claim of Employee. On 21 February 2015, decedent passed away, leaving behind his dependent widow, Mrs. Angela McAuley (plaintiff), who now contends that decedent's death was the proximate result of decedent's prior workplace injury. On 16 March 2015, defendant filed a Form 63 and thereafter paid medical compensation through September 2015 while the claim was under investigation.[2]

Within two weeks after decedent's death, plaintiff attended a meeting with representatives from defendant's human resources department to sign papers related

---

[1] Because the Industrial Commission dismissed plaintiff's claim before any adjudication of the merits, we do not consider the merits of plaintiff's claim here.

[2] According to Industrial Commission procedure, an employer may respond to a claim by filing a Form 63 to pay compensation "without prejudice" while investigating the claim. *See* N.C.G.S. § 97-18(d) (2021).

to decedent's life and accidental death insurance policies. Plaintiff testified that at the time, she believed she was signing all the paperwork related to decedent's death and the benefits to which she was entitled. Defendant's last payment for decedent's medical expenses was made on 21 September 2015.

¶ 4        On 18 January 2018, almost three years after decedent's death, plaintiff sought death benefits by filing a Form 33 Request that Claim be Assigned for Hearing with the Industrial Commission. On 15 May 2018, defendant filed a Form 33R Response to Request that Claim be Assigned for Hearing asserting that the Industrial Commission lacks jurisdiction to hear plaintiff's death benefits claim because the claim was filed more than two years after decedent's death. Defendant also filed a motion to dismiss plaintiff's death claim as time-barred under N.C.G.S. § 97-22 and § 97-24.

¶ 5        On 31 October 2018, Deputy Commissioner Tyler Younts filed an Opinion and Award denying and dismissing plaintiff's claim with prejudice. The Opinion and Award concluded that the Industrial Commission did not acquire jurisdiction of plaintiff's death benefits claim because, as required by N.C.G.S. § 97-24(a), the claim had not been filed within two years of either decedent's accident or the last payment of medical compensation by defendant on 21 September 2015. On 13 November 2018, plaintiff appealed this Opinion and Award to the Full Commission.

¶ 6    On 28 August 2020, the Full Commission filed its Opinion and Award denying plaintiff's claim and dismissing the claim with prejudice on the grounds that plaintiff's untimely filing could not grant the Commission jurisdiction over plaintiff's claim. The Full Commission reasoned that because death benefits claims made by a dependent are distinct from workers' compensation claims made by an injured employee who is still alive, "any claims made by [decedent] for workers' compensation benefits cannot serve as [plaintiff]'s 'filing of a claim' for death and funeral benefits."

¶ 7    Industrial Commission Chair Philip A. Baddour III dissented. Relying on the plain language of subsection 97-24(a), which merely requires that "a claim" be filed within the time limitation and does not distinguish between workers' compensation claims and death benefits claims, the dissent would have found and concluded that where a deceased employee filed a Form 18 within two years of his accident at issue, the statute does not require his widow to file a separate death claim within two years of his death as a condition precedent to the widow's right to compensation under section 97-38.

¶ 8    On 23 September 2020, plaintiff appealed the Full Commission's ruling to the North Carolina Court of Appeals. Before the Court of Appeals, plaintiff argued that the Industrial Commission obtained jurisdiction over the case when decedent filed his Form 18 for workers' compensation benefits, which met the two-year requirement under N.C.G.S. § 97-24, and that therefore the Commission's ruling should be

reversed. Defendant contended that the Commission correctly concluded that it lacked jurisdiction and that its decision should therefore be affirmed.

On 7 December 2021, the Court of Appeals issued a divided opinion in which the majority affirmed the Full Commission's ruling. *McAuley v. N.C. A&T State Univ.*, 280 N.C. App. 473, 2021-NCCOA-657. The majority disagreed with plaintiff's contention that the Industrial Commission obtained jurisdiction over her claim via decedent's Form 18 filing in 2015. *Id.* ¶ 12. Rather, the majority held that plaintiff did not assert a claim until the filing of her Form 33 in 2018, after the expiration of the two-year limitation under N.C.G.S. § 97-24. *Id.* The majority reasoned that plaintiff's claim for death and funeral benefits arose only after decedent's death, not when decedent filed the Form 18. *Id.* ¶ 13. Therefore, the majority reasoned, the two claims are separate and distinct, and the filing of the former could not establish the Commission's jurisdiction over the latter. *Id.* The majority rejected plaintiff's assertion that N.C.G.S. § 97-38 does not require a dependent to file a separate claim within two years. *Id.* ¶ 17. Because timely filing is a condition precedent under N.C.G.S. § 97-24, the majority reasoned that the two sections cannot be read as mutually exclusive provisions. *Id.*

Judge Arrowood authored a dissenting opinion in which he stated that he would have held that a dependent is *not* required to file a separate claim within a two-year period if a decedent's initial claim satisfies that condition. *Id.* ¶ 19

(Arrowood, J., dissenting). Here, the dissent reasoned, decedent complied with the statute's requirement by filing his Form 18 within two years of his injury, thereby invoking the jurisdiction of the Industrial Commission; accordingly, the Full Commission erred in dismissing plaintiff's claim for death benefits. *Id.* ¶ 23. The dissent further noted that the legislative history of N.C.G.S. § 97-24 reveals the legislature's specific intent not to require "a separate claim for death benefits," and that "an employee's filing of 'a claim' within two years after the accident is sufficient" to give the Commission jurisdiction over a subsequent death benefits claim. *Id.* ¶ 27.

¶ 11 On 10 January 2022, plaintiff appealed the Court of Appeals' ruling to this Court on the basis of Judge Arrowood's dissenting opinion. Plaintiff again contends—consistent with the two dissents below—that the Commission erred in dismissing her claim for death benefits because the Commission's jurisdiction was established by decedent's timely filing of his workers' compensation claim after the injury. Defendant again contends that the Court of Appeals and the Commission properly concluded that the Commission lacks jurisdiction because the statute requires separate and distinct claims for workers' compensation and death benefits, and that plaintiff's death benefits claim was untimely.

## II. Analysis

¶ 12 Now, this Court must determine whether decedent's timely workers' compensation claim adequately invokes the Industrial Commission's jurisdiction over

Plaintiff's subsequent death benefits claim. This Court reviews the Industrial Commission's conclusions of law de novo. *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496 (2004).

¶ 13        When a court engages in statutory interpretation, the principal goal

> is to accomplish the legislative intent. The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, "the spirit of the act and what the act seeks to accomplish." If the language of a statute is clear, the court must implement the statute according to the plain meaning of its terms so long as it is reasonable to do so.

*Lenox, Inc. v. Tolson*, 353 N.C. 659, 664 (2001) (quoting *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297 (1998)). In workers' compensation cases, "the Industrial Commission and the courts [must] construe the [Workers' Compensation Act] liberally in favor of the injured work[er]. The Act should be liberally construed to the end that the benefits thereof shall not be denied upon technical, narrow, and strict interpretation." *Cates v. Hunt Constr. Co.*, 267 N.C. 560, 563 (1966) (cleaned up).

¶ 14        North Carolina's Workers' Compensation Act governs claims for benefits by injured employees against their employers. N.C.G.S. § 97-1 to -101.1 (2021). The Act gives the Industrial Commission jurisdiction over workers' compensation claims subject to certain prerequisites. Specifically, subsection 97-24(a) establishes a time within which an injured employee must file a claim in order to establish the

Industrial Commission's jurisdiction over his or her injury. That provision, in pertinent part, states:

> [t]he right to compensation under this Article shall be forever barred unless (i) a claim . . . is filed with the Commission or the employee is paid compensation as provided under this Article within two years after the accident or (ii) a claim . . . is filed with the Commission within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article.

N.C.G.S. § 97-24(a) (2021). This requirement does not constitute a statute of limitations, but is rather a condition precedent to the right of the employee to establish the Industrial Commission's jurisdiction over the case and thereby proceed with his claim to receive workers' compensation. *Montgomery v. Horneytown Fire Dep't*, 265 N.C. 553, 555 (1965) (per curiam).

¶ 15       Section 97-38 governs claims for death benefits upon the resulting death of an injured employee and states, in pertinent part:

> [i]f death results proximately from a compensable injury or occupational disease and within six years thereafter, or within two years of the final determination of disability, whichever is later, the employer shall pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to sixty-six and two-thirds percent . . . of the average weekly wages of the deceased employee at the time of the accident. . . .

N.C.G.S. § 97-38 (2021). As properly noted by the Industrial Commission and the Court of Appeals, N.C.G.S. §§ 97-24 and 97-38 are not mutually exclusive. *See*

*McAuley*, 2021-NCCOA-657, ¶ 17. In order to seek benefits under N.C.G.S. § 97-38 from an employer after a death that results proximately from a compensable injury, a claim must first be timely filed under N.C.G.S. § 97-24 to establish the Commission's jurisdiction over the case.

¶ 16        Here, it is undisputed that decedent's workers' compensation claim was filed within the applicable two-year period, while plaintiff's subsequent request for hearing on death benefits was not. Accordingly, the dispositive question facing this Court is whether N.C.G.S. § 97-24(a): (1) requires a *separate and distinct* death benefits claim to be filed within the applicable two-year time period to establish the Industrial Commission's jurisdiction over the matter; or (2) allows a prior timely workers' compensation claim to establish the Industrial Commission's jurisdiction over a subsequent related death benefits claim. In accordance with the plain statutory language at issue, the relevant legislative history, and the principle of liberal construction, we hold the latter: an injured employee's timely workers' compensation claim establishes the Industrial Commission's jurisdiction over that injury, including over a dependent's subsequent claim for death benefits allegedly resulting from that same injury.

¶ 17        This holding is first dictated by the plain language of N.C.G.S. § 97-24(a), which states, in applicable part: "[t]he right to compensation under this Article shall be forever barred unless (i) a claim . . . is filed with the Commission . . . within two

years after the accident. . . ." As noted by both the Full Commission and the Court of

Appeals majority below, the statutory definition of "compensation" encompasses "the

money allowance payable *to an employee or to his dependents* as provided for in this

Article." *McAuley*, 2021-NCCOA-657, ¶ 11 (emphasis added) (quoting N.C.G.S. § 97-

2(11) (2019)). As such, the statute's reference to "compensation" does not distinguish

between a claim made by an employee and a claim made by a dependent. Likewise,

the words "*a claim*" do not distinguish between a workers' compensation claim made

by an injured employee and death benefit claim made by a dependent. Rather, the

plain language of subsection 97-24(a) establishes that the Commission may obtain

jurisdiction where "a claim . . . is filed with the Commission within two years after an

accident." *See id.* ¶ 22 (Arrowood, J., dissenting). If the General Assembly had

intended this statute to distinguish between different types of claims, it could have

done so; indeed, as noted further below, it *did* do so in earlier versions of this statute

before removing the distinction through the amendment process.

¶ 18        The dissenting opinions at the Commission and the Court of Appeals aptly note

this lack of distinction. In his dissent from the Full Commission's Opinion and Award,

Chair Baddour observed:

> N.C.G.S. § 97-24(a) does not require that a separate death
> benefits claim be filed within two years of the death of an
> employee. It only requires that a claim be filed within two
> years after "the accident." N.C.G.S. § 97-24(a) works in
> conjunction with [N.C.G.S.] § 97-38, which requires that
> the death be proximately caused by the original injury and

> that the death occur within two years of a final determination of disability or within six years of the injury, whichever is later. Given the specificity of the overall statutory framework governing entitlement to death benefits, if the General Assembly desired for there to be an additional filing requirement for death benefit claims, the requirement would be included in the language of [N.C.G.S.] § 97-24(a). Accordingly, based upon the plain language of [N.C.G.S.] § 97-24(a), . . . there is no separate filing requirement to seek an award of death benefits under the Workers' Compensation Act.

Likewise, Judge Arrowood noted in his dissenting opinion at the Court of Appeals that "[t]he plain language of the statute does not require plaintiff to file a separate claim for benefits." *McAuley*, 2021-NCCOA-657, ¶ 23. We agree.

Of course, this is not to say that a workers' compensation claim by an injured employee and a death benefits claim by a dependent are the same thing. As noted by the Full Commission and the Court of Appeals majority, a claim for death benefits is a distinct claim with a distinct claimant that—by definition—cannot be brought by the employee who suffered the injury. It is true, therefore, that a dependent's right to death benefits does not arise until the employee's death. *See Booker v. Duke Med. Ctr.*, 297 N.C. 458, 466 (1979) ("[A] dependent['s] right to compensation is an original right enforceable only after the employee's death." (cleaned up)). The distinction between these two types of benefits, though, does not change the fact that the statutory language simply refers to "*a claim*," without distinguishing between the two. Under the plain language of the statute, once "a claim" is timely filed, the

condition precedent has been satisfied and the Industrial Commission's jurisdiction has been invoked over the matter. An injured employee's timely workers' compensation claim for an injury thus establishes the Industrial Commission's jurisdiction over a subsequent death benefits claim arising from the same injury.

¶ 20        Here, it is undisputed that "a claim" was filed with the Commission within two years after the accident; namely, decedent's Form 18 claim for workers' compensation was filed within two weeks of his accident. Accordingly, decedent's claim timely met the condition precedent and thus invoked the Industrial Commission's jurisdiction over the injury under N.C.G.S. § 97-24(a), including over plaintiff's subsequent claim for death benefits arising from the same matter. This continuity of jurisdiction is illustrated by the Industrial Commission's use of the same file number (I.C. No. 15-006996) throughout its handling of this matter, whether it was considering a filing regarding decedent, decedent's estate, or plaintiff. Again, this is not to say that plaintiff's claim for death benefits was functionally the same as decedent's claim for workers' compensation benefits during his life. Rather, it is to say that both constitute "a claim" sufficient to establish the Commission's jurisdiction over the matter in accordance with the plain language of N.C.G.S. § 97-24(a).

¶ 21        Second, the legislative history of N.C.G.S. § 97-24 likewise supports this holding. "In construing a statute with reference to an amendment, it is presumed that the Legislature intended either (a) to change the substance of the original act, or (b)

to clarify the meaning of it." *Childers v. Parker's Inc.*, 274 N.C. 256, 260 (1968); *accord. Colonial Pipeline Co. v. Neill*, 296 N.C. 503, 509 (1979). "The presumption is that the legislature 'intended to change the original act by creating a new right or withdrawing any existing one.' " *Childers*, 274 N.C. at 260 (quoting 1 Sutherland, *Statutory Construction* § 1930 (Horack, 3d ed. 1943)). "[I]f the legislature deletes specific words or phrases from a statute, it is presumed that the legislature intended that the deleted portion should no longer be the law." *Nello L. Teer Co. v. N.C. DOT*, 175 N.C. App. 705, 710 (2006).

¶ 22        Here, the legislative history includes instructive amendments. The statute originally established two distinct filing requirements, one for an injury and one for a death: "[t]he right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, *and if death results from the accident, unless a claim be filed with the Commission within one year thereafter*." The North Carolina Workmen's Compensation Act, ch. 120, § 24, 1929 N.C. Pub. [Sess.] Laws 117, 127 (emphasis added). Then, as noted in Chair Baddour's dissenting opinion below,

> [i]n 1955, the statute was modified to allow two years (instead of one) to file a claim following an accident, however the requirement to file a separate claim for death benefits within one year of the date of death was maintained. In 1973, the General Assembly again amended [N.C.G.S.] § 97-24(a), *but on this occasion, it removed the language requiring that a separate claim be filed for death benefits. . . .* In deleting the words "if death

results from the accident, unless a claim be filed with the Commission within one year thereafter," the General Assembly expressed its clear intent that a separate claim for death benefits is not required and that an employee's filing of a claim within two years after the accident satisfies any condition precedent to the Industrial Commission acquiring jurisdiction with regard to a subsequent claim for death benefits . . . . Based upon the principles of statutory construction, . . . the deletion of the requirement to file a death claim within a specified period may only be reasonably interpreted as the General Assembly's intent to remove this requirement.

(emphasis added) (citations omitted).

¶ 23        We agree: this legislative history reveals a *removal* of the statute's distinction between the conditions precedent for a workers' compensation claim for an injury and one for death benefits, thus indicating legislative intent to no longer distinguish between the two types of claims within the statutory requirements. This amendment chronology can only support the above interpretation of the statute's plain language indicating that decedent's Form 18 filing met the condition precedent for the Industrial Commission to exercise jurisdiction over plaintiff's subsequent death benefits claim.

¶ 24        Third and finally, our holding is supported by the long-standing and oft-reaffirmed principle of liberal construction of the provisions of the Workers' Compensation Act. As noted above, it is well established that the Act "should be liberally construed to the end that the benefits thereof [shall] not be denied upon technical, narrow[,] and strict interpretation." *Cates*, 267 N.C. at 553; *see, e.g., Adams*

*v. AVX Corp.*, 349 N.C. 676, 680 (1998) (noting the same). Here, that principle definitively supports interpreting N.C.G.S. § 97-24(a)—consistent with its plain language and legislative history—as not requiring a separate and distinct claim for death benefits after a previous claim has already met the condition precedent to invoke the Industrial Commission's jurisdiction over the matter. Rather, interpreting the statute in accordance with the principle of liberal construction leads us to conclude that decedent's timely filing of "a claim" was sufficient to invoke the Industrial Commission's jurisdiction over the matter, including plaintiff's related claim for death benefits.

## III. Conclusion

¶ 25      Section 97-24(a) establishes that the right to compensation under the Workers' Compensation Act "shall be forever barred" unless "a claim . . . is filed with the Commission . . . within two years after the accident." Once such a claim is timely filed, this condition precedent has been satisfied, and the Industrial Commission has jurisdiction over the matter.

¶ 26      Here, decedent's timely claim satisfied this condition precedent and established the Industrial Commission's jurisdiction over this matter. Plaintiff was therefore not required to file a separate claim for death benefits within the two-year period in order to establish the Industrial Commission's jurisdiction over the case, in which the Commission's jurisdiction had already been invoked. Accordingly, the

Industrial Commission and Court of Appeals majority erred in interpreting N.C.G.S. § 97-24(a) as requiring a separate and distinct claim for death benefits to invoke the Commission's jurisdiction over plaintiff's filing. The statute's plain language, legislative history, and the principle of liberal construction all establish otherwise. Therefore, we reverse the ruling of the Court of Appeals and remand this case to the Court of Appeals for further remand to the Industrial Commission for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Justice BARRINGER dissenting.

At issue in this case is whether the Industrial Commission has jurisdiction under the Workers' Compensation Act for a determination of death benefits when the dependent had not asserted a claim for compensation within two years of decedent's death but the decedent had timely filed a workers' compensation claim. In this case, plaintiff asserted a claim for compensation nearly three years after her husband's death. Pursuant to N.C.G.S. § 97-24(a), the Industrial Commission does not have jurisdiction. Accordingly, I respectfully dissent.

On 30 January 2015, Steven McAuley suffered an injury to his back while working at North Carolina A&T State University. He timely filed a workers' compensation claim on 11 February 2015, later dying and leaving behind his wife, plaintiff Angela McAuley. On 18 January 2018, nearly three years after Steven McAuley's death, plaintiff asserted a claim for death benefits with the Industrial Commission. The Industrial Commission determined that it lacked jurisdiction because the claim for death benefits was not timely pursuant to N.C.G.S. § 97-24(a). On appeal to the Court of Appeals, the Industrial Commission's opinion and award was affirmed. *McAuley v. N.C. A&T State Univ.*, 280 N.C. App. 473, 2021-NCCOA-657, ¶ 18. Plaintiff now appeals to this Court.

## I.  Analysis

Subsection 97-24(a) states, in relevant part:

> The right to compensation under this Article shall be forever barred unless (i) a claim or memorandum of agreement as provided in [N.C.]G.S. [§] 97-82 is filed with the Commission or the employee is paid compensation as provided under this Article *within two years after the accident* or (ii) a claim or memorandum of agreement as provided in [N.C.]G.S. [§] 97-82 is filed with the Commission *within two years after the last payment of medical compensation* when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article.

N.C.G.S. § 97-24(a) (2021) (emphases added). Subsection 97-24(a) is not a statute of limitations. *See Montgomery v. Horneytown Fire Dep't*, 265 N.C. 553, 555 (1965). Rather, "satisfaction of the timely-filing requirement is a condition precedent to the exercise of the Commission's jurisdiction." *See Cunningham v. Goodyear Tire & Rubber Co.*, 381 N.C. 10, 2022-NCSC-46, ¶ 25.

As the Court of Appeals noted, "[w]hile death benefits are not specifically mentioned in [N.C.G.S. § 97-24(a)], the text of the statute refers to 'compensation,' a term defined in [N.C.G.S. § 97-2(11)] as encompassing 'the money allowance payable to an employee or to his dependents as provided for in this Article, and includes funeral benefits provided herein.'" *McAuley*, ¶ 11 (first quoting N.C.G.S. § 97-24(a) (2017); and then quoting N.C.G.S. § 97-2(11) (2019)). Accordingly, N.C.G.S. § 97-24(a) contemplates "the timeliness of death claims." *Id.*

Furthermore, subsection 97-24(a) broadly states that "[t]he right to compensation *under this Article* shall be forever barred" unless a claim is filed within

two years. N.C.G.S. § 97-24(a) (emphasis added). Because N.C.G.S. § 97-38 is "under [Article 1]," the time limitation for filing a claim for death benefits under the Workers' Compensation Act is governed by N.C.G.S. § 97-24(a). N.C.G.S. §§ 97-24(a), -38 (2021). Plaintiff did not assert a claim for death benefits within the time frame prescribed by N.C.G.S. § 97-24(a). Therefore, she did not satisfy the condition precedent required by statute. Thus, the Industrial Commission does not have jurisdiction under the Workers' Compensation Act.

¶ 32    This Court has previously treated death benefits as separate and distinct from an employee's workers' compensation claim. In *Wray v. Carolina Cotton & Woolen Mills Company*, an employee failed to timely file a claim for workers' compensation. 205 N.C. 782, 783 (1934). The Industrial Commission dismissed the employee's claim. *Id.* However, within one month of the employee's death, his dependents filed a death benefits claim. *Id.* This Court held that a dependent's claim for death benefits is "an original right which [is] enforceable only after [the decedent's] death." *Id.* at 784. Several decades later, this Court reaffirmed *Wray* in *Booker v. Duke Medical Center*. 297 N.C. 458, 466–67 (1979) (holding that a "dependents' claim for compensation [does] not arise until the employee's death . . . North Carolina[ ] treat[s] the dependents' right to compensation as separate and distinct from the rights of the injured employee"). In reaching its decision, the majority refuses to follow, indeed ignores, 90 years of this Court's precedent.

Since "the dependents' right to compensation [is] separate and distinct from the rights of the injured employee," *id.* at 467, the dependent must file "a claim or memorandum of agreement" with the Industrial Commission to receive death benefits, N.C.G.S. § 97-24(a); *see* N.C.G.S. § 97-38. A dependent's right to death benefits is barred unless a claim for death benefits is filed within two years of the employee's death. N.C.G.S. §§ 97-24(a), -38; *Booker*, 297 N.C. at 467.

## II.    Conclusion

Since plaintiff in this case filed her claim for death benefits nearly three years after her husband's death, her claim for death benefits is untimely pursuant to N.C.G.S. § 97-24(a). Therefore, the Industrial Commission does not have jurisdiction to hear this case and the Court of Appeals' decision should be affirmed. Despite our sympathy for plaintiff, we are bound by the statutes of North Carolina and our Court's long-standing precedent. Any change in the jurisdictional requirements of the Industrial Commission must come from the legislature. *See State v. Bell*, 184 N.C. 701, 705 (1922) ("Scrupulously observing the constitutional separation of the legislative and the supreme judicial powers of the government, we adhere to the fundamental principle that it is the duty of the Court, not to make the law, but to expound it, and to that end to ascertain and give effect to the intention of the Legislature . . . .").

Chief Justice NEWBY and Justice BERGER join in this dissenting opinion.